Margaret WARD, Appellant,

v.

Frank E. EMMETT, Ph.D. and Joel Y. Rutman, M.D., Appellees.

No. 04–99–00789–CV.

Court of Appeals of Texas, San Antonio.

Jan. 3, 2001.

Peter J. Stanton, Law Offices of Peter J. Stanton, San Antonio, for appellant.

Charles A. Deacon, Lori C. Ferguson, Renee Forinash McElhaney, Rosemarie Kanusky, W. Wendall Hall, Fulbright & Jaworski, L.L.P., San Antonio, Linda C.

Breck, Thomas F. Nye, Brin & Brin, P.C., Corpus Christi, George Brin, Brin & Brin, P.C., San Antonio, M. Kenneth Patterson, Nik A. Minari, Patterson & Wagner, L.L.P., San Antonio, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

Margaret Ward appeals from the granting of a summary judgment. In three issues, she asserts that Frank E. Emmett, Ph.D. and Joel Y. Rutman, M.D. failed to establish their entitlement to summary judgment as a matter of law. We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Margaret Ward (Ward) suffered from mental and behavioral problems for years. Ward's parents purchased health insurance from Humana Insurance Company. On February 26, 1996, Ward shot and killed her mother, Janet Ward. Ward was charged with first degree murder and pleaded nolo contendere to the charge. On March 27, 1997, the trial court found Ward guilty of the charged offense and sentenced her to twenty years in the Texas Department of Criminal Justice, Institutional Division.

Ward subsequently brought suit against Humana Insurance Company, Texas Biodyne, Inc., Access Psycare, P.A., Continuum Behavioral Healthcare Corporation, Biodyne Provider Group of Texas, P.C., Merit Behavioral Care of Texas, Inc., Merit Behavioral Care Systems Corporation, d.b.a. Medco Behavioral Care Systems Corporation, Frank E. Emmett, Ph.D., and Joel Y. Rutman, M.D. According to Ward, she received inadequate medical care. She, therefore, brought multiple causes of action against the defendants including: breach of contract; violation of the Texas Insurance Code; violation of the Texas Deceptive Trade Practices Act; Conspiracy to Commit Commercial Bribery; Professional Negligence; and Breach of the Duty of Good Faith and Fair Dealing.

On May 19, 1999, the defendants filed a motion for summary judgment, asserting that Ward's claims were precluded as a matter of law. Their motion was based on the affirmative defenses of the Unlawful Acts Rule and Assumption of the Risk. Specifically, the defendants claimed that a claimant may not assert legal rights that arise from illegal acts committed by the claimant. After the motion was filed, Ward amended her pleadings. The trial court granted the motion, dismissing Ward's claims.

Ward appealed the summary judgment granted in favor of the defendants. She claims the trial court erred in granting the summary judgment because the defendants did not establish each element of the Assumption of the Risk or Unlawful Acts Rule defenses.

Before Ward's appeal was submitted to this court, all the defendants, except Frank E. Emmett, M.D. and Joel Y. Rutman, M.D., settled their claims with Ward. Accordingly, only Ward's claims against Emmett and Rutman remain before us.

### STANDARD OF REVIEW

The underlying purpose of Texas' summary judgment rule is to eliminate unmeritorious claims. *See Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). Where there is no genuine issue as to any material fact, the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). The moving party bears the burden in a summary judgment proceeding. *Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). To satisfy this burden, the movant must either disprove at least one element of the plaintiff's theory of recovery, or plead and conclusively establish each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679

(Tex.1979). Once the movant establishes its right to summary judgment, the burden then shifts to the nonmovant to present issues that preclude summary judgment. *Id.* at 678; *see also Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 430 (Tex.App.—San Antonio 1993, writ denied).

■ We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co., Inc.*, 945 S.W.2d 160, 162 (Tex.App.—San Antonio 1997, writ denied). In deciding whether the nonmovant raised a fact issue to preclude summary judgment, we consider evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

### DISCUSSION

Ward contends that the trial court erred in granting summary judgment based on the Assumption of the Risk affirmative defense and the Unlawful Acts Rule. She specifically claims that Emmett and Rutman failed to prove all elements of each defense as a matter of law.

### The Unlawful Acts Rule:

■ The Texas Supreme Court, in 1888, set out what is now called the Unlawful Acts Rule in *The Gulf C. & S.F. Ry. Co. v. Johnson*, 71 Tex. 619, 621–22, 9 S.W. 602, 603 (1888). The court stated that "[i]n those cases where it is shown that, at the time of the injury, the plaintiff was engaged in the denounced or illegal act, the rule is, if the illegal act contributed to the injury he can not recover ..." *Id.* (emphasis added). Courts throughout Texas, including this court, have used this rule, along with public policy principles,[1] to prevent a plaintiff from recovering damages

that arose out of his or her own illegal conduct. *See, e.g., Saks v. Sawtelle, Goode, Davidson & Troilo*, 880 S.W.2d 466 (Tex.App.—San Antonio 1994, writ denied); *Rodriquez v. Love*, 860 S.W.2d 541 (Tex.App.—El Paso 1993, no writ); *Dover v. Baker, Brown, Sharman & Parker*, 859 S.W.2d 441 (Tex.App.—Houston [1st Dist.] 1993, no writ).

### Assumption of the Risk:

The Texas Civil Practice and Remedies Code section 93.001 provides an affirmative defense similar to the Unlawful Acts Rule. Specifically, section 93.001 states that "[i]t is an affirmative defense to a civil action for damages for personal injury or death that the plaintiff, at the time the cause of action arose, was ... committing a felony, for which the plaintiff has been finally convicted, that was the sole cause of the damages sustained by the plaintiff ..." TEX. CIV. PRAC. & REM.CODE § 93.001(a)(1) (Vernon Supp.2000) (emphasis added).

### The Summary Judgment Evidence:

■ Ward claims that the defendants failed to prove the essential elements of the Unlawful Acts Rule and the Assumption of the Risk defense. Specifically, she claims that "[t]here is no evidence [in the defendants' summary judgment proof] that would allow the Court to determine when [Ward] sustained her legal injuries."

Emmett's and Rutman's summary judgment proof includes Ward's judgment of conviction. The judgment delineates that Ward committed murder on February 26, 1996.

Ward's claims against Emmett are for breach of contract, violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, Conspiracy to Commit Commercial Bribery, Professional Negligence, and Breach of the Duty of

---

**1.** For example, this Court held in *Saks v. Sawtelle, Goode, Davidson & Troilo*, 880 S.W.2d 466, 467 (Tex.App.—San Antonio 1994, writ denied) that because "appellants' damages were suffered by reason of their own illegal conduct, recovery is barred as a matter of law for reasons of public policy."

Good Faith and Fair Dealing. Her only claim against Rutman is Professional Negligence. After the defendants filed their Motion for Summary Judgment, Ward amended her pleadings in an apparent attempt to cast her claims, and the damages arising therefrom, in such a way as to show that her injuries arose, not when she killed her mother, but when Emmett either allegedly breached the contract/policy or when Emmett and Rutman provided negligent medical care. In her amended pleadings, Ward's damages are pleaded as follows:

12.1 As a direct, producing and proximate result of the Defendant's wrongful acts as set out herein, ... The damages suffered by the Plaintiff's are as follows:

12.1.a. Actual damages for breach of the Policy plus interest ... as provided by art. 21.55 of the Texas Insurance Code;

12.1.b. Consequential damages proximately caused by Humana's breach and/or repudiation of the Policy, and/or Humana's and the Defendants's violations of the Texas Insurance Code, the DTPA and their breach of duty of good faith and fair-dealing, including past and future medical expenses incurred by the Plaintiffs for the care and treatment of Maggie Ward ...;

12.1.c. Damages sufficient to compensate the Plaintiffs for the mental pain, humiliation and embarrassment proximately caused by the Defendants' violations of the Texas Insurance Code, knowing violations of the DTPA and the Defendants' breach of their duty of good faith and fair-dealing ...;

12.1.d. Statutory damages and penalties in the amounts provided for in the Texas Insurance Code and the DTPA for the Defen-

dants' knowing and intentional violations of those statutes;

12.1.e. Punitive or exemplary damages in an amount sufficient to deter the Defendants from such actions in the future and to deter others;

12.1.f. Reasonable and necessary attorney's fees incurred by the Plaintiffs in the prosecution of this action or any part thereof; ...

Despite the ambiguous nature of Ward's claimed damages, Ward's claims are for damages that arose from the murder she committed. Her illegal conduct is not merely incidental to her claims; it is inextricably intertwined with those claims. *See Saks v. Sawtelle, Goode, Davidson & Troilo*, 880 S.W.2d 466, 470 (Tex.App.—San Antonio 1994, writ denied); *Dover v. Baker, Brown, Sharman & Parker*, 859 S.W.2d 441, 451 (Tex.App.—Houston [1st Dist.] 1993, no writ). More simply, Ward would have suffered none of her alleged injuries in the absence of her mother's murder. Because Ward's illegal conduct caused her injuries, the trial court properly granted summary judgment in favor of Emmett and Rutman. We affirm the judgment.