Martha UMANA, Appellant

v.

**KROGER TEXAS, L.P., Appellee.**

No. 05–06–01105–CV.

Court of Appeals of Texas, Dallas.

Nov. 21, 2007.

Frank P. Hernandez, Law Offices of Frank P. Hernandez, Dallas, TX, for Appellant.

Malone M. Lankford, Dallas, TX, for Appellee.

Before Justices MORRIS, BRIDGES, and O'NEILL.

## OPINION

Opinion by Justice MORRIS.

In this civil assault case, Martha Umana appeals the trial court's take-nothing summary judgment on her claims against her former employer Kroger Texas, L.P. After reviewing the summary judgment record, we conclude that Umana presented more than a scintilla of evidence to raise a fact issue on each of the challenged elements of her claim in response to Kroger's no-evidence summary judgment motion. Accordingly, we reverse the trial court's summary judgment and remand this cause to the trial court for further proceedings.

This matter arises out of an incident between Umana and her supervisor while Umana was a bakery employee at a Kroger supermarket. According to Umana, she approached her supervisor at the customer service desk to discuss the possibility of a transfer to another store. He questioned where her name badge was and, in response, Umana moved the left side of her plastic apron to reveal the name badge pinned to her shirt.[1] She testified by deposition that her supervisor grabbed her and said, "You don't have it. I don't see it," and tore her apron so it was just hanging down. The two went on to discuss the transfer issue. Umana further testified that after their conversation ended, she headed back to the bakery department. When she arrived there, she was in tears and another employee who had witnessed the incident tried to console her. Umana left work that day and never returned to her job. She filed this lawsuit about eight months after the incident. Umana's live pleading asserts a single cause of action for "assault and battery."

Kroger moved for a no-evidence motion for summary judgment challenging each element of Umana's assault claim. We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex.2003). Our inquiry focuses on whether the non-movant produced more than a scintilla of probative evidence

---

1. Kroger had a policy that required employees to wear name badges.

to raise a fact issue on the challenged elements. *See id.* at 751.

■ The elements for civil assault mirror those required for criminal assault. *See Johnson v. Davis,* 178 S.W.3d 230, 240 (Tex.App.-Houston [14th Dist] 2005, pet. denied). A person commits an assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. *See* TEX. PEN.CODE ANN. § 22.01(a)(3) (Vernon Supp.2007).

■ Here, in addition to Umana's deposition testimony, the summary judgment record included a surveillance videotape of the incident forming the basis of the lawsuit.[2] In the videotape, Umana's supervisor can be seen tearing the apron strap from around her neck. On appeal, Kroger argues the supervisor's actions lasted only a few seconds and that, after viewing the videotape, a jury could not reasonably reach the conclusion that the incident constituted an assault. Specifically, Kroger contends that the supervisor merely attempted to enforce a company policy and appellant produced no evidence that the supervisor knew or should have reasonably believed that Umana would regard his actions as offensive or provocative. We disagree.

After reviewing the videotape, along with Umana's other summary judgment evidence, we conclude that reasonable minds could differ as to whether the supervisor knew or should have reasonably believed that Umana would regard his tearing the apron she was wearing as offensive or provocative. Because appellant produced more than a scintilla of evidence sufficient to raise a fact issue on each of the elements required for her assault claim, the trial court erred in granting Kroger's no-evidence summary judgment motion. Accordingly, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings.

---

2. In response to Kroger's no-evidence summary judgment motion, Umana provided the surveillance videotape, excerpts from her depositions on November 9, 2005 and March 16, 2006, and an Irving Police Department offense report dated July 20, 2005. In Umana's appendix on appeal, however, she has included items that were not part of her summary judgment response or the clerk's record. Because these items were not before the trial court at the time of the summary judgment hearing and are not part of the clerk's record, we do not consider them on appeal. *See* TEX.R. CIV. P. 166a (c); *see also Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no writ).