*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# OPINION

No. 04-11-00336-CV

J. Jesus **RODRIGUEZ** and M. Carmen Negrete, Individually, as Co-Representatives of the
Estates of Nicolas Landeros-Anguiano, Angelina Rodriguez-Negrete and Claudia Laura
Landeros Rodriguez, and as Next Friends of Angel Landeros Rodriguez, a Minor,
Appellants

v.

Philip **BOERJAN**, Mestena Operating, LLC, formerly known as Mestena Operating, Ltd.,
Mestena Inc., and Mestena Uranium, LLC,
Appellees

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 09-09-15216-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  August 31, 2012

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Appellants J. Jesus Rodriguez and M. Carmen Negrete (the Rodriguezes) sued appellees

Philip Boerjan, Mestena Inc., Mestena Operating, LLC, and Mestena Uranium, LLC (the

Mestenas) for the wrongful deaths of their daughter Angelina and her husband and daughter.

The three undocumented aliens were killed in a rollover accident on the Jones Ranch.  The

Rodriguezes assert the accident was caused by the Mestenas' personnel.  All four appellees

moved for traditional summary judgment on the ground that the unlawful acts rule barred any recovery. Boerjan and Mestena Uranium also moved for a no evidence summary judgment on the Rodriguezes' claims of negligence, gross negligence, assault, and negligent entrustment. The trial court granted the Mestenas' traditional and no evidence motions. For the reasons given below, we affirm the trial court's judgment in part, reverse the judgment in part, and remand this cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND[1]

According to deposition testimony from Oscar Vasquez-Lara, in 2007, before sunrise, Jose Francisco Maciel was transporting Vasquez-Lara and at least three other undocumented aliens in his pickup truck across the Jones Ranch in Brooks County. Boerjan, a Mestena Uranium security officer, saw Maciel's vehicle approaching his truck. He flashed his lights at Maciel, who stopped his truck, and Boerjan talked with Maciel "in a very hard tone." After a brief conversation, Maciel sped away down a dirt road with Boerjan's vehicle pursuing Maciel's vehicle. According to Vasquez-Lara, Boerjan maintained a high speed chase over a caliche road, and his pursuit caused the fatal accident. The Mestenas dispute the Rodriguezes' account of the facts. It is undisputed that Maciel drove away at high speed, he eventually lost control of the vehicle, the vehicle rolled over, and Vasquez-Lara was ejected and injured. Angelina, her husband, and her seven-year-old daughter (the decedents) were also ejected from the vehicle and all three were fatally injured.

The Rodriguezes sued the Mestenas for wrongful deaths; negligence; gross negligence; assault; and negligent entrustment, retention, and supervision. Appellees Mestena Operating, LLC and Mestena Inc. filed a joint traditional motion for summary judgment solely on the basis

---

[1] Some of the facts are hotly contested. Because the appeal arises from a summary judgment, we relate the facts as asserted by the Rodriguezes—the nonmovants—but no portion of this opinion should be construed to make any determination as to the truth of any of the facts asserted.

of the unlawful acts rule.[2]  Likewise, appellees Mestena Uranium and Philip Boerjan filed their own joint traditional motion for summary judgment based on the unlawful acts rule; they also filed a no evidence motion for summary judgment.  The trial court granted the Mestenas' traditional and no evidence motions and rendered a final judgment that dismissed all of the Rodriguezes' claims against all the Mestenas.  The Rodriguezes appeal the final judgment.

### STANDARDS OF REVIEW

The Mestenas sought and obtained traditional summary judgments based on the unlawful acts rule.  We review the grant of a traditional summary judgment de novo.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  A defendant asserting an affirmative defense is not entitled to summary judgment unless it conclusively establishes each essential element of its defense.  *See Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex. 2000); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

Two of the Mestenas also sought and obtained a no evidence summary judgment based on the Rodriguezes' claims.  We review a no evidence summary judgment using a legal sufficiency standard.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).  "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not."  *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).  A no evidence summary judgment may not be granted if the nonmovant's summary judgment evidence contains "more than a scintilla of probative evidence

---

[2] The unlawful acts rule provides that a claim for damages is barred if a party's claims are inextricably intertwined with the party's illegal activities.  *See Ward v. Emmett*, 37 S.W.3d 500, 502 (Tex. App.—San Antonio 2001, no pet.); *Gulf, Colo., & Santa Fe Ry. Co. v. Johnson*, 71 Tex. 619, 621, 9 S.W. 602, 603 (1888).

to raise a genuine issue of material fact." *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *see* TEX. R. CIV. P. 166a(i).

**TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT**

The Rodriguezes sued the Mestenas asserting five causes of action pertaining to the deaths of their daughter, granddaughter, and son-in-law: negligence; gross negligence; assault; negligent entrustment, retention, and supervision; and wrongful death.

## A. Wrongful Death Statute

Under the wrongful death statute "[a] person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE ANN. § 71.002(b) (West 2008); *see Star Enter. v. Marze*, 61 S.W.3d 449, 457 (Tex. App.—San Antonio 2001, pet. denied). The surviving parents of a decedent can assert a claim on behalf of the decedent. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.004; *Star Enter.*, 61 S.W.3d at 457. But the defenses that would have been available against the decedent if she had survived may also be raised against her estate's claims. *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 347 (Tex. 1992).

In this case, the Mestenas acknowledge that the decedents were killed as a result of the rollover accident, but they assert that the Rodriguezes' claims "are inextricably intertwined with the decedents' illegal activities and accordingly, are barred under the Unlawful Acts Rule." The Rodriguezes argue the common law unlawful acts rule does not bar their claims because the alleged illegal activities were not inextricably intertwined with their causes of action. Alternatively, they contend that the unlawful acts rule has been superseded by Chapter 93 of the

Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 93.001(c) (West 2011).

## B.  Unlawful Acts Rule

### *1.  Elements of the Rule*

In Texas, the unlawful acts rule is a common law affirmative defense.  *See Saks v. Sawtelle, Goode, Davidson & Troilo*, 880 S.W.2d 466, 469 (Tex. App.—San Antonio 1994, writ denied).  The Rule provides that "'no action will lie to recover a claim for damages, if to establish it the plaintiff requires aid from an illegal transaction, or is under the necessity of showing or in any manner depending upon an illegal act to which he is a party.'"  *Id.* (quoting *Gulf, Colo., & Santa Fe Ry. Co. v. Johnson*, 71 Tex. 619, 621, 9 S.W. 602, 603 (1888)).  If the defendant proves "the [plaintiff's] illegal act is inextricably intertwined with the claim and the alleged damages would not have occurred but for the illegal act," the plaintiff cannot recover.  *See Sharpe v. Turley*, 191 S.W.3d 362, 366 (Tex. App.—Dallas 2006, pet. denied); *Ward v. Emmett*, 37 S.W.3d 500, 503 (Tex. App.—San Antonio 2001, no pet.).

Notably, courts have not uniformly applied the Rule; rather, they have created a number of exceptions.  In *De Vall v. Strunk*, 96 S.W.2d 245, 247 (Tex. Civ. App.—Galveston 1936, no writ), the court found the "strict general [unlawful acts] rule applicable only where the participating parties in an illegal or immoral transaction are of equal guilt with reference thereto."  *Id.*  In *Pyeatt v. Stroud*, 264 S.W. 307, 309 (Tex. Civ. App.—Galveston 1924), *aff'd*, 269 S.W. 430 (Tex. 1925), a motorcycle thief was permitted to recover from an automobile owner that had caused the collision when it was clear the theft was not the proximate cause of the collision.  *Id.* at 310.  In its opinion the court noted an exception to the Rule where "the injury was caused by the willful or wanton act of the party causing such injury."  *Id.* at 309.  In *Duncan*

*Land & Exploration, Inc. v. Littlepage*, 984 S.W.2d 318, 323 (Tex. App.—Fort Worth 1998, pet. denied), Duncan, the well operator, sued his lessor for slander of title for wrongfully claiming a reversion of the leasehold. *Id.* at 323. The lessor pointed out Duncan disregarded the Railroad Commission's shut-in order and operated the well in violation of the law. *Id.* The court concluded that "the extraordinary circumstances of this case dictate that public policy should not preclude Duncan from recovery as a matter of law."[3] *Id.* at 329.

More recently, rather than serve as a bar, a plaintiff's unlawful acts are evaluated in terms of proportionate responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code. Thus, a publicly intoxicated customer may still recover for injuries sustained from an aggressive security guard, *see Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 790, 797–98 (Tex. 2006), and the wife of a deceased driver who was killed in a head-on collision could recover despite the failure of her husband to wear a seatbelt, *see Thomas v. Uzoka*, 290 S.W.3d 437, 445–46 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Rather than acting as a bar to recovery, a plaintiff's illegal actions are presented to the jury as negligence in its application of Chapter 33 principles of proportionate responsibility.

Ultimately, cases involving the Rule are rare not only because of proportionate responsibility submission but because under the Rule the defendant must prove that the plaintiff's illegal act is inextricably intertwined with her claim. *See Sharpe*, 191 S.W.3d at 366; *Ward*, 37 S.W.3d at 502. The test for "inextricably intertwined" is whether the plaintiff can prove her claim without having to prove her own illegal act. *Norman v. B.V. Christie & Co.*, 363 S.W.2d 175, 177–78 (Tex. Civ. App.—Houston 1962, writ ref'd n.r.e.) ("[I]f a party can show a complete cause of action without being obliged to prove [her] own illegal act, although said

---

[3] The court also noted that "courts in oil and gas cases have only invoked the illegal acts rule against a private entity when doing so favored the Railroad Commission." *Duncan Land & Exploration, Inc. v. Littlepage*, 984 S.W.2d 318, 330 n.4 (Tex. App.—Fort Worth 1998, pet. denied).

illegal act may appear incidentally and may be important in explanation of other facts in the case, [s]he may recover."); *see also Associated Milk Producers v. Nelson*, 624 S.W.2d 920, 924 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) ("[I]t is the rule in this State that recovery may still be had if the plaintiff requires no aid from the illegal transaction to establish [her] case." (citing *Morrison v. City of Fort Worth*, 138 Tex. 10, 15, 155 S.W.2d 908, 910 (1941))). The plaintiff's reference to the illegal act for incidental or contextual purposes does not make the act inextricably intertwined with the claim. *See Associated Milk Producers*, 624 S.W.2d at 924 (citing *Norman*, 363 S.W.2d at 178).

### 2. *Using the Rule in Reviewing Summary Judgment*

The Mestenas moved for traditional summary judgment asserting that the decedents' illegal acts were inextricably intertwined with the Rodriguezes' claims and the decedents would not have been injured or killed but for their illegal acts. They contended that the decedents' illegal acts were their (1) ongoing attempts to enter the United States without permission and (2) fleeing to "elude[] examination or inspection by immigration officers." *See* 8 U.S.C. § 1325(a) (2006).[4] Therefore, the primary focus of our inquiry is whether the Mestenas conclusively established that the alleged illegal acts were inextricably intertwined with the Rodriguezes' claims and were the proximate cause of the decedents' injuries and deaths. *See Sharpe*, 191 S.W.3d at 366; *Ward*, 37 S.W.3d at 502.

#### a. Inextricably intertwined

The Rodriguezes asserted, *inter alia*, claims of negligence, gross negligence, wrongful death, and negligent entrustment, retention, and supervision against the Mestenas. Each of these claims rests on the Mestenas' alleged negligence. "The elements of a negligence cause of action

---

[4] There was no summary judgment evidence that at the time the decedents were crossing the ranch they were being pursued by immigration officers or that there were immigration officers on the ranch.

are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

The Mestenas identify the duty that they owed to the decedents as the duty to exercise reasonable care.[5] The Rodriguezes do not have to prove the decedents were engaged in entering the United States illegally or eluding immigration officers to show the Mestenas had a duty to exercise reasonable care not to harm the decedents.

Similarly, whether the Mestenas breached their duty to the decedents or caused the decedents' injuries or deaths are questions that do not require the decedents to have been engaged in illegal acts at the time of their deaths. *See id.* The decedents' immigration status or means of entry into the United States were not inextricably intertwined with the Rodriguezes' negligence-based claims.[6] Because the Mestenas did not conclusively prove that the illegal acts of the decedents were inextricably intertwined with the negligence based claims, the trial court erred in granting the Mestenas' traditional motions for summary judgment based on the unlawful acts rule defense for these claims.

The Rodriguezes' assault claims are not barred by the Rule for similar reasons. For purposes of this appeal, a person commits civil assault if he intentionally or knowingly causes offensive physical contact with another. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 801 n.4 (Tex. 2010) (citing *Umana v. Kroger Tex., L.P.*, 239 S.W.3d 434, 436 (Tex. App.—Dallas 2007, no pet.); *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). None of the elements of assault require the Rodriguezes to prove the

---

[5] In their brief, appellees Boerjan and Mestena Uranium, LLC identify the duty that existed as one of reasonable care and "the defendant's standard of care is defined as what a 'reasonable prudent person' would or would not have done under the same or similar circumstances regarding any reasonably foreseeable risk." *See Midwest Emp'rs Cas. Co. ex rel. English v. Harpole*, 293 S.W.3d 770, 779 (Tex. App.—San Antonio 2009, no pet.).

[6] The Rodriguezes' negligence-based claims include negligence; gross negligence; wrongful death; and negligent entrustment, retention, and supervision.

decedents were engaged in an illegal act at the time of their deaths. Instead, the elements primarily pertain to the tortfeasor's intent, knowledge, and contact irrespective of the victim's actions. *E.g.*, *Umana*, 239 S.W.3d at 436. The Rodriguezes must prove the Mestenas' contacts with the decedents was offensive, but the Mestenas do not argue that the decedents' injuries and deaths were not offensive to the decedents. Again, the unlawful acts rule defense fails because the Mestenas did not conclusively prove the Rodriguezes' claims of assault are inextricably intertwined with the decedents' alleged illegal acts. Therefore, the trial court erred in granting the Mestenas' motions for traditional summary judgment on the assault claims.

        b.   Proximate cause

Even assuming *arguendo* that the Rodriguezes' claims were inextricably intertwined with the decedents' alleged unlawful acts, the Mestenas still had to conclusively prove the decedents' alleged unlawful acts were proximate causes of the decedents' injuries and deaths. *See Arredondo v. Dugger*, 347 S.W.3d 757, 761–62 (Tex. App.—Dallas 2011, pet. granted); *Sharp*, 191 S.W.3d at 366.

The Mestenas assert that Maciel sped away to elude immigration officials, but it is undisputed that a Mestenas' employee, not an immigration official, stopped Maciel's vehicle after it entered the Jones Ranch. Further, according to Ray Dubose's[7] deposition testimony, immigration officials were not at the scene or anywhere on the Jones Ranch at the time of the stop. In contrast, Vasquez-Lara testified that after the stop, Maciel was "scared," he immediately sped away, and Boerjan continued to chase Maciel's truck at high speed until Maciel's truck rolled over.

The summary judgment evidence does not conclusively prove that the decedents' alleged unlawful acts related to their illegal entry or evasion of immigration officials were the proximate

---

[7] Ray Dubose was the operations manager for Mestena Operating, LLC.

cause of their injuries and deaths. Reviewing the evidence as required, we determine that the unlawful acts rule defense was not conclusively established. *See Sharpe*, 191 S.W.3d at 366; *Ward*, 37 S.W.3d at 502. Therefore, the trial court erred in granting the Mestenas' traditional motions for summary judgment because the Mestenas failed to conclusively establish their defense under the unlawful acts rule. *See Arredondo*, 347 S.W.3d at 761–62; *Associated Milk Producers*, 624 S.W.2d at 924.

## C. Statutory Affirmative Defense

We next turn to the Rodriguezes' claim that the unlawful acts rule has been superseded. According to at least one authority, the legislature superseded in part the unlawful acts rule when it created a statutory affirmative defense that prevails over the Rule in certain actions. *See Arredondo*, 347 S.W.3d at 767 (discussing Texas Civil Practice and Remedies Code section 93.001).[8] However, because the sole basis for the trial court's granting summary judgment was the unlawful acts rule, and the Mestenas did not conclusively establish the defense, we do not reach the statutory affirmative defense issue. *See* TEX. R. APP. P. 47.1 (limiting opinions to issues that are "necessary to final disposition of the appeal").

### NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

In addition to their traditional motion for summary judgment, Mestena Uranium and Boerjan (collectively Boerjan)[9] also moved for a no evidence summary judgment. Their no evidence motion asserts that the Rodriguezes offered no evidence for any of the elements of gross negligence, negligence, or assault.

---

[8] *See generally* Act of May 30, 1987, 70th Leg., R.S., ch. 824, § 1, 1987 Tex. Gen. Laws 2856, 2856, *amended by* Act of May 13, 1997, 75th Leg., R.S., ch. 437, § 1, 1997 Tex. Gen. Laws 1706, 1706 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 93.001 (West 2011)).

[9] Mestena Uranium was alleged to be vicariously liable under principles of *respondeat superior*.

**A.  Negligence**

The elements of negligence are well known: "a duty, a breach of that duty, and damages proximately caused by the breach of duty." *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

*1.  Duty*

"'Every person has a duty to exercise reasonable care to avoid a foreseeable risk of injury to others.'" *Midwest Emp'rs Cas. Co. ex rel. English v. Harpole*, 293 S.W.3d 770, 776 (Tex. App.—San Antonio 2009, no pet.) (quoting *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 403 (Tex. App.—San Antonio 2000, no pet.)).  Foreseeability of the risk is a primary factor in determining whether a duty exists.  *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *Lukasik*, 21 S.W.3d at 403.  "'Foreseeability' means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others."  *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).  If an actor negligently creates a dangerous situation, "[f]oreseeability does not require that [the actor] anticipate the precise manner in which injury will occur."  *Id.*  "When a duty requires the defendant to exercise reasonable care, the defendant's standard of care is defined as what a 'reasonable prudent person' would or would not have done 'under the same or similar circumstances regarding any reasonably foreseeable risk.'"  *Midwest Emp'rs*, 293 S.W.3d at 779 (quoting *Allen ex rel. B.A. v. Albin*, 97 S.W.3d 655, 666 (Tex. App.—Waco 2002, no pet.)).  In their depositions, both Dubose and Boerjan agreed that it would be dangerous to drive at a high rate of speed on an unpaved ranch road and it was foreseeable that someone might get hurt if a driver chose to do so.  The Rodriguezes presented Dubose's and Boerjan's deposition testimony in their responses to Boerjan's no evidence motion for summary judgment.  Thus, there was

some evidence that Boerjan owed the decedents a duty to exercise reasonable care not to injure them by allegedly initiating and maintaining a high speed chase over a caliche road. *See* TEX. R. CIV. P. 166a(i) (no evidence summary judgment); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (standard of review); *Travis*, 830 S.W.2d at 98 (duty).[10]

*2. Breach*

The Rodriguezes assert that Boerjan breached his duty to the decedents when Boerjan stopped Maciel's vehicle and then initiated and maintained a high speed chase until Maciel's vehicle crashed and ejected the decedents. Although Boerjan claims there is no evidence that he followed Maciel's truck, Vasquez-Lara testified that Boerjan stopped Maciel's truck and, when Maciel sped away, Boerjan pursued him at high speed. Crediting and disregarding evidence as required, the summary judgment evidence raises a genuine issue of material fact as to whether Boerjan breached his duty to the decedents by allegedly initiating and maintaining a high speed chase across a caliche road. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582.

*3. Causation*

Boerjan asserts that the decedents' illegal acts were the proximate cause of the decedents' deaths. "As to causation in fact, generally the test for this element is whether the defendant's act or omission was a substantial factor in causing the injury and without which the injury would not have occurred." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010). In his deposition, Vasquez-Lara testified that before the vehicle was stopped by a man he later identified as Boerjan, Maciel was driving slowly over the caliche roads. Vasquez-Lara also testified that the man who stopped Maciel's vehicle spoke "in a very hard tone, very fast" and immediately thereafter, Maciel sped away with the man's truck in close pursuit. Both Dubose

---

[10] The Rodriguezes also assert that duty is not a proper basis to grant a no evidence summary judgment. *See Franks v. Roades*, 310 S.W.3d 615, 621 (Tex. App.—Corpus Christi 2010, no pet.) ("Whether [the defendant] had such a duty is a question of law, which is inappropriate for a no-evidence summary judgment.").

and Boerjan agreed that it is dangerous to drive at a high rate of speed on an unpaved ranch road and it was foreseeable that someone might get hurt if a driver chose to do so. Although they denied participating in such a chase, Vasquez-Lara stated in his deposition testimony that such a chase ensued and resulted in the decedents' deaths. Because we must credit the evidence under the summary judgment standard, we conclude that a genuine issue of material fact was raised whether Boerjan's alleged high speed pursuit caused in whole or part the crash at issue.[11] *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582.

## B. Gross Negligence

Boerjan owed the decedents a duty not to injure them by gross negligence. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004); *see also State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006). A person is grossly negligent when he satisfies two conditions: (1) his actions objectively "involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others"; and (2) he has a "subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others." *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001); *accord Shumake*, 199 S.W.3d at 287.

In their depositions, both Dubose and Boerjan admitted it would be very dangerous to drive at high speed over the caliche road on which Maciel's vehicle crashed. Dubose stated he stopped Maciel and spoke with him, and that immediately thereafter Maciel drove away at high speed. In Vasquez-Lara's deposition, he stated that Maciel was driving at safe speeds until Boerjan stopped their vehicle and then initiated and maintained a high speed chase over the caliche road.

---

[11] Mestena Uranium is implicated under *respondeat superior* principles by Boerjan's alleged conduct.

Crediting and disregarding evidence as required, we conclude that the summary judgment evidence raises genuine issues of material fact as to whether Boerjan's alleged high speed chase of Maciel's vehicle over a caliche road at night objectively involved an extreme degree of risk to the decedents. *See Lee Lewis Const.*, 70 S.W.3d at 785. Further, under the no evidence summary judgment standard, there was some evidence that Boerjan knew chasing Maciel created an extreme risk but he initiated and maintained the chase, from which a jury could infer he was consciously indifferent to the decedents' safety. Thus, the summary judgment evidence raised genuine issues of material fact on each element of gross negligence. *See* TEX. R. CIV. P. 166a(i) (no evidence summary judgment); *Mack Trucks*, 206 S.W.3d at 582 (standard of review); *Miranda*, 133 S.W.3d at 225 (gross negligence).

We conclude that the Rodriguezes' summary judgment evidence raised genuine issues of material fact on each element of negligence and gross negligence. *See Mack Trucks*, 206 S.W.3d at 582. Therefore, the trial court erred when it granted Mestena Uranium and Boerjan's no evidence motion for summary judgment on the Rodriguezes' negligence and gross negligence claims.

## C. Assault and Negligent Entrustment, Retention, and Supervision

In their original and amended petitions, the Rodriguezes asserted assault and negligent entrustment, retention, and supervision causes of action against the Mestenas. However, on appeal, the Rodriguezes provided no argument or authorities to show that the trial court erred in granting the no evidence summary judgment motion as to their assault or negligent entrustment causes of action. Therefore, they have waived any complaint as to those causes of action. *See* TEX. R. APP. P. 38.1(i); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983) ("Points of error must be supported by argument and authorities, and if not so supported, the points are waived.");

*accord Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241–42 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Medrano v. City of Pearsall*, 989 S.W.2d 141, 142 n.1 (Tex. App.—San Antonio 1999, no pet.).

## CONCLUSION

We recognize the frustration and anxiety experienced by landowners along the border due to trespassers.[12] We also note that the facts in this case are hotly contested, and the merits of this case have yet to be decided. However, because of the procedural posture of this appeal, we are bound by the standards of review applicable to summary judgment and we must reverse the trial court's judgment in part.

The trial court granted the Mestenas' motions for traditional summary judgment based solely on the unlawful acts rule. We hold that the trial court erred when it granted summary judgment under the Rule because the Mestenas failed to conclusively prove the unlawful acts rule defense barred the Rodriguezes' claims. Therefore, we reverse the portion of the trial court's judgment that granted the Mestenas' traditional motions for summary judgment on the Rodriguezes' wrongful death; negligence; gross negligence; assault; and negligent entrustment, retention, and supervision claims.

The trial court also granted Mestena Uranium and Boerjan's no evidence motion for summary judgment on the Rodriguezes' wrongful death, negligence, gross negligence, assault, and negligent entrustment claims. The Rodriguezes failed to provide argument or authorities on their assault or negligent entrustment claims and thus waived any complaint on appeal.

---

[12] *See. e.g.*, Act approved May 20, 2011, 82d Leg., R.S., ch. 101, §§ 2-3, 2011 Tex. Sess. Law Serv. 559, 559 (West) (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.006, .007 (West Supp. 2011)) (addressing liability issues for trespassers on agricultural land). This problem is not unlike the Depression era problems railway companies experienced with trespassers on their trains. The train companies were precluded from throwing trespassers from moving trains or attacking them to force them to jump from moving trains. *See Fort Worth & Denver City Ry. Co. v. Kimbrow*, 131 Tex. 117, 121, 112 S.W.2d 712, 714 (1938).

However, the Rodriguezes offered summary judgment evidence that raised genuine issues of material facts on their negligence, gross negligence, and wrongful death claims.

Therefore, we affirm that portion of the trial court's judgment that dismissed with prejudice the Rodriguezes' assault and negligent entrustment, retention, and supervision claims against Mestena Uranium and Boerjan, but we reverse the portion of the judgment that granted Mestena Uranium and Boerjan's no evidence motion for summary judgment on the Rodriguezes' negligence, gross negligence, and wrongful death claims. We remand this cause to the trial court for further proceedings consistent with this opinion.


Rebecca Simmons, Justice