**Affirmed; Opinion Filed February 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00518-CV

### MUSSHUR MEENER, Appellant
### V.
### THE LYND COMPANY AND CENTRAL PARK APT. A/K/A CENTRAL PARK
### DFW 4 LLC, Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-03052**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Appellant Musshur Meener filed this personal injury lawsuit against appellees Central Park

DFW 4 LLC[1] and The Lynd Company, the owner and operator, respectively, of an apartment

complex where Meener formerly resided. Specifically, Meener contends he was injured when he

fell after tripping on a piece of raised laminate flooring in his apartment. The trial court granted

appellees' motion for summary judgment and dismissed Meener's claims with prejudice.

Proceeding pro se on appeal, Meener asserts in two issues that the trial court erred (1) "in

granting a summary judgment" and (2) "by its denial to hear evidence by the plaintiff." We decide

against Meener on his two issues. The trial court's judgment is affirmed.

---

[1] Appellee Central Park DFW 4 LLC asserted in the trial court, and states on appeal, that it was "incorrectly named as 'Central Park Apt.'" in this case.

## I. FACTUAL AND PROCEDURAL CONTEXT

In his live petition at the time of the trial court's order complained of, Meener asserted claims against appellees for negligence and gross negligence. Specifically, Meener alleged that at approximately 9 or 10 p.m. on January 1, 2016, he suffered a "slip and fall accident injury from a damaged laminate flooring [sic]" in his apartment. In his negligence claim, Meener stated appellees "[f]ail to keep a safe living environment in the result my body was injurded [sic]." Further, in his claim for gross negligence, he alleged appellees "carelessly left a damaged laminate bath flooring which caused a bad accident leaving [him] to suffer with extreme pain from back and neck injuries." He claimed damages of $463,924.00.

Appellees filed a general denial answer. Further, approximately one year after the date this lawsuit was filed, appellees filed a combined no-evidence and traditional motion for summary judgment. In that motion, appellees stated in part (1) "[n]egligence causes of action asserted against a property owner or operator may take one of two forms: premises liability or negligent activity," and (2) although Meener's petition "does not specify his exact theory of negligence," "this matter is exclusively a premises liability dispute" because Meener "has alleged that he was injured as a result of a condition on the premises owned and/or operated by the Defendants, namely the raised seam in the laminate flooring," and he "is only alleging damages arising out of or related to the alleged bodily injuries he claims to have sustained in the incident in question." Also, appellees asserted (1) to recover on a premises liability theory, a plaintiff must prove, among other things, that the defendant "had actual or constructive knowledge" of a condition on the property that posed an "unreasonable risk of harm"; (2) to recover on a negligent activity theory, a plaintiff must show, among other things, that his injuries were caused by "affirmative, contemporaneous conduct by the defendant"; and (3) to prove his gross negligence claim, Meener "must first establish a

negligent act or omission under one of the above negligence theories" and then must additionally prove that the act or omission, viewed objectively from the standpoint of the actor, involved "an extreme degree of risk" and the actor had "actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others."

In the no-evidence portion of their motion, appellees contended in part that to the extent Meener asserts a "negligent activity" claim, summary judgment is proper on that claim because Meener "has no evidence to show that any ongoing, contemporaneous activity by Defendants caused or contributed to his injuries." Additionally, appellees argued they are entitled to summary judgment on Meener's premises liability claim because Meener "has failed in his burden to produce credible evidence that Defendants had actual or constructive knowledge of the allegedly dangerous condition." Specifically, according to appellees' motion for summary judgment,

> There is no evidence that anyone notified the Defendants that there was a small raised seam in the flooring of Plaintiff's apartment unit. Assuming a duty to reasonably inspect the bathroom, Plaintiff has no evidence as to how long the seam was present or in what ways a reasonable inspection might have detected the seam. He therefore cannot prove that a reasonable inspection would have discovered it prior to his fall.

As to their traditional motion for summary judgment, appellees contended the summary judgment evidence "conclusively negates multiple elements of Plaintiff's negligence, gross negligence, and premises liability causes of action." Exhibits attached to appellees' motion included a copy of Meener's petition, excerpts from a deposition of Meener, and photographs of the portion of the floor in question that were taken by the apartment manager after the incident complained of, but before repairs were made. In his deposition, Meener testified in part (1) he signed his lease on December 31, 2015, and moved into the apartment that same day; (2) he did not use the bathroom in his apartment until the night of January 1, 2016; (3) he did not notice the raised seam when he went into the bathroom because "[t]he floor going one way, you can't notice because it's small" and "[i]t lays down like a normal floor"; (4) he did not notify appellees of the

raised seam in the flooring until approximately thirty minutes after his fall, at which time he called the apartment complex's "maintenance request line"; (5) a maintenance worker responded to that maintenance request and arrived at his apartment within thirty minutes; (6) Meener was told by the maintenance worker that repairs to the floor would be made on the following Monday; and (7) repairs were made on the morning of Monday, January 4, 2016.

In response to appellees' motion for summary judgment, Meener filed a "Motion for Order Traditional Objection to Deny Defendants Summary Judgment no evidence [sic]" and several "amendments" to that document. Therein, Meener asserted in part that he has "limited vision" due to an eye condition. Further, he stated in part as follows: "The Court and Jury would have to know did that indivisual [sic] really see or not for you to prove your case in the matter of Plaintiff Musshur Meener Defendants cannot have a Summary judgement without a [OPHTHALMOLOGIST] [sic] . . . ." Exhibits attached to Meener's response included copies of medical records pertaining to his treatment for neck and back pain and glaucoma.

Appellees filed a reply to Meener's response in which they asserted in part "[w]hether Plaintiff's glaucoma affected his vision is irrelevant to summary judgment considerations before the [trial] Court." At the hearing on appellees' motion for summary judgment, Meener, proceeding pro se, argued in part,

> So the understanding as far as them not knowing about this, or me not explaining to them, it could have raised up when they said it was ready, and they didn't know, but it gives me the understanding that they knew about it because they left the unit —the central heating unit off. They didn't have no cold water. They had too many things which they left, to which it could have been an accident that they left this and this wasn't something they wasn't aware of.

At conclusion of that hearing, the trial court signed an order granting appellees' motion for summary judgment without stating the basis for that ruling. Four days later, Meener filed a "Motion for Order to Make Clear Evidence for Defendants and Update Neglect and Gross Negligence." In that motion, he stated in part,

Plaintiff Meener request that the court allow Plaintiff Meener to subpoena all Drs for more sufficient Evidence and proof about Plaintiff Meener medical condition the injury that took place on 1-1-16 and proving that . . . defected raise flooring left in middle of the floor is very dangerous because of Plaintiff Meener server medical condition Glaucoma infection and the limited vision in Plaintiff Meener one eye [sic] . . . .

Exhibits attached to that motion included, among other things, a work order for the January 4, 2016 repair to the flooring in question and copies of medical records of Meener pertaining to (1) treatment to his back and neck from January 2016 through August 2016 and (2) treatment for glaucoma in 2017.

Appellees filed an "objection and response" to Meener's post-judgment motion in which they stated in part that to the extent Meener's post-judgment motion can properly be considered by the trial court, "all attached documents constitute inadmissible hearsay." Meener's post-judgment motion was overruled by operation of law. This appeal timely followed.

## II. ISSUES ON APPEAL

### A. Standard of Review

We review a trial court's grant of summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). We must "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311–12 (Tex. 2014) (citing *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009)); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we must affirm summary judgment if any of the grounds advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

No-evidence and traditional grounds for summary judgment may be combined in a single motion. *Coleman v. Prospere*, 510 S.W.3d 516, 518 (Tex. App.—Dallas 2014, no pet.). When a party files both a no-evidence and a traditional motion for summary judgment, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

In a no-evidence summary judgment motion, the movant contends that no evidence supports one or more essential elements of a claim for which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each challenged element. *KCM Fin*., 457 S.W.3d at 79. No-evidence summary judgment is proper if the nonmovant fails to bring forward "more than a scintilla of probative evidence" as to an essential element for which the movant contends no evidence exists. *Boerjan*, 436 S.W.3d at 312 (citing *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009)).

### B. Applicable Law

A person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. *United Scaffolding, Inc. v. Levine*, No. 15-0921, 2017 WL 2839842, at *4 (Tex. June 30, 2017). When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. *Id*. When the injury is the result of the property's condition, rather than an activity, premises-liability principles apply. *Id.* "Negligence and premises liability claims thus are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *Id.* For a premises liability defendant to be liable for a plaintiff's injury, the plaintiff must prove "(1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant]

did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries." *Id.* at \*4–5.

The definition of gross negligence includes two elements: (1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Boerjan*, 436 S.W.3d at 311; *First Assembly of God, Inc v. Tex. Util. Elec. Co.*, 52 S.W.3d 482, 494 (Tex. App.—Dallas 2001, no pet.). Further, although gross negligence refers to a different character of conduct than ordinary negligence, "one's conduct cannot be grossly negligent without being negligent." *First Assembly of God*, 52 S.W.3d at 494 (citing *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied)); *see also Garren v. Cunningham*, No. 05-16-00455-CV, 2017 WL 1360229, at \*8 n.5 (Tex. App.—Dallas Apr. 13, 2017, no pet.) (mem. op.) (concluding that because appellees were entitled to summary judgment on appellants' common law negligence claims, appellants' claims that appellees were grossly negligent must also fail).

### C. Application of Law to Facts

#### 1. Evidentiary Complaint

We begin with Meener's second issue, in which he asserts "the trial court erred by its denial to hear evidence by the plaintiff." Meener does not describe in his appellate brief the evidence to which the alleged "denial" pertained.[2] Further, Meener cites no portion of the record demonstrating any "denial" by the trial court to "hear evidence by the plaintiff." Additionally, to the extent Meener's issue can be construed to complain of "denial" of his post-judgment motion described

---

[2] Attached to Meener's brief in this Court are four pages that appear to be from a transcript of a deposition of Meener and contain testimony respecting his medical records described above. Because those portions of Meener's deposition are not part of the clerk's record, we do not consider them on appeal. *See Umana v. Kroger Tex., L.P.*, 239 S.W.3d 434, 436 n.2 (Tex. App.—Dallas 2007, no pet.).

above, Meener does not explain or address, and the record does not show, how the evidence attached to that motion has any bearing on the challenged elements of contemporaneous activity or actual or constructive knowledge of the alleged condition in question, which elements we conclude below are determinative as to the trial court's granting of appellees' no-evidence motion for summary judgment. *See Carr*, 776 S.W.2d at 569 (if trial court's summary judgment order does not specify ground or grounds relied on, we must affirm summary judgment if any ground advanced is meritorious).

Pro se appellants are required to adhere to the rules of appellate procedure and will not be treated differently than a party who is represented by a licensed attorney. *Smith v. Conn Appliances*, No. 05-16-00656-CV, 2017 WL 1075616, at \*1 (Tex. App.—Dallas Mar. 21, 2017, no pet.) (mem. op.) (citing *Bolling v. Farmers Branch Indep. Sch. Dist*., 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.)). Our appellate rules contain specific requirements for briefing that require, among other things, that an appellant provide an argument that is clear and concise with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i). We are not responsible for searching the record for facts that may be favorable to a party's position or for doing legal research to find authorities that might support a party's position. *Smith*, 2017 WL 1075616, at \*1 (stating that "[i]f we did so, even for a pro se litigant untrained in law, we would be abandoning our role as judges and become advocates for a party").

The record shows that on two occasions while this appeal was pending submission in this Court, Meener was notified in writing by this Court that his appellate brief did not satisfy the requirements of rule 38.1. *See* TEX. R. APP. P. 38.1. On each occasion, Meener filed an amended appellate brief. However, Meener's last-filed amended brief in this Court does not contain any citation to the record or authorities respecting his second issue. *See Smith*, 2017 WL 1075616, at

*1; TEX. R. APP. P. 38.1(i). On this record, we conclude Meener's second issue presents nothing for this Court's review. *See* TEX. R. APP. P. 38.1.

We decide Meener's second issue against him.

### 2. Summary Judgment

In his first issue, Meener contends "the trial court erred in granting a summary judgment" because he "provided clear and convincing evidence of premises liability." Meener states in his brief in this Court,

> Defendants knew there was no hot water considering statements from 1-800 emergency hot line no heat and the damaged floor install in inappropriate area were floods occur urination dropping which the Liminate flooring company say do not install laminate flooring in this kind of area unless you change it periodically which the Owners and management at Central Park aptm did not change or inspect the property for public safety [sic].
> . . . .
> Plaintiff Meener, filed suit that was caused by the flooring that was not correctly Installed. The owners, Central Park Apartment should have known of the about the Condition of thee [sic] flooring. Normally the apartment management does walkthroughs checking for damage to the units that are to be rented.

In support of his appellate argument, Meener cites the following statement from *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000): "Knowledge that a structure will need replacement or repair after use does have a direct relationship to the reasonableness of the care exercised by the owner or occupier."

Appellees respond in part that the trial court properly granted summary judgment in their favor because (1) there was no evidence appellees were engaged in any "affirmative, contemporaneous" activity at the time of Meener's fall or "had actual or constructive knowledge of any alleged flooring defect prior to the incident," and (2) "[Meener's] failure to produce evidence supporting each material element as to a negligence or premises liability claim is fatal to his claim for gross negligence."

The record shows the specific elements challenged by appellees in their no-evidence motion for summary judgment included, among other things, (1) "ongoing, contemporaneous activity" on the property by appellees and (2) appellees' "actual or constructive knowledge of the allegedly dangerous condition." Meener did not allege in the trial court any contemporaneous activity on the premises at the time of his fall, nor does he allege such activity on appeal or cite any evidence in the record respecting such activity. Further, he (1) cites no evidence in the record, and we have found none, showing appellees had actual knowledge of the alleged condition in question before his fall, and (2) does not cite on appeal, and did not produce in the trial court, any evidence as to when the alleged condition occurred or how long it had existed at the time of his fall.

Additionally, we cannot agree with Meener's position that *CMH Homes* supports his arguments. That case involved a plaintiff who injured his back when steps leading to a supply shed swayed as he was making delivery of a heavy box. *See* 15 S.W.3d at 98. At issue was whether there was some evidence the premises owner knew or had constructive knowledge of that unreasonable risk of harm because the owner knew the steps would require repair and replacement over time. *Id*. at 101. The supreme court stated in part,

> [K]nowledge that premises will deteriorate over time does not equate to knowledge of a condition that presents an unreasonable risk of harm. As we also intimated above, however, knowledge that a structure will need replacement or repair after use does have a direct relationship to the reasonableness of the care exercised by the owner or occupier. Such knowledge also has a bearing on the need for inspection. But in this case, there was no evidence or even contention that [the owner] had failed to inspect as frequently as it reasonably should. Similarly, there is no evidence that the instability in the step and platform unit had existed for a sufficient time that [the owner] had constructive notice of the unreasonable risk of harm.

*Id*. at 101–02. Like in *CMH Homes*, the record in this case contains no evidence appellees failed to inspect the premises as frequently as they reasonably should have or that the condition

complained of had existed for a sufficient time such that appellees had constructive notice of it. *See id.*

On this record, we conclude Meener did not meet his burden to show "more than a scintilla" of evidence as to the challenged elements of contemporaneous activity and actual or constructive knowledge of the alleged condition in question. *See United Scaffolding, Inc.*, 2017 WL 2839842, at \*4; *Boerjan*, 436 S.W.3d at 312. Accordingly, we conclude the trial court did not err by granting appellees' no-evidence motion for summary judgment. *See United Scaffolding, Inc.*, 2017 WL 2839842, at \*4; *Boerjan*, 436 S.W.3d at 312; *see also Garren*, 2017 WL 1360229, at \*8 n.5 (concluding that because appellees were entitled to summary judgment on appellants' common law negligence claims, appellants' claims that appellees were grossly negligent must also fail).

We decide against Meener on his first issue.

### III. CONCLUSION

We decide Meener's two issues against him. The trial court's order is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

170518F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MUSSHUR MEENER, Appellant

No. 05-17-00518-CV          V.

THE LYND COMPANY AND CENTRAL
PARK APT. A/K/A CENTRAL PARK
DFW 4 LLC, Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-03052.
Opinion delivered by Justice Lang, Justices
Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees THE LYND COMPANY AND CENTRAL PARK APT.
A/K/A CENTRAL PARK DFW 4 LLC recover their costs of this appeal from appellant
MUSSHUR MEENER.

Judgment entered this 6th day of February, 2018.