

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00616-CV

Alice **IRVING**,
Appellant

v.

**CHURCH OF CHRIST BOERNE, TEXAS** a/k/a Boerne Church of Christ,
Appellee

From the County Court at Law, Kendall County, Texas
Trial Court No. 14-049-CCL
Honorable William R. Palmer Jr., Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  April 13, 2016

AFFIRMED

Alice Irving sued Church of Christ Boerne, Texas a/k/a Boerne Church of Christ asserting a premises liability claim. Irving alleged she was injured when the gate closure pole of a metal gate, which was located at one of the entrances to the Church's parking lot, went through her windshield. The Church filed a traditional and no-evidence motion for summary judgment which the trial court granted. Irving asserts four issues on appeal, contending: (1) a defendant who creates a dangerous condition has actual knowledge of that condition; (2) Rule 407a of the Texas Rules of Evidence was incorrectly applied to exclude evidence that the gate was built so high that it was

able to enter the front passenger windshield of a 2011 Buick; (3) the trial court erred in finding an unlocked gate that went over the front bumper and entered the front windshield of a 2011 Buick was not a dangerous condition as a matter of law; and (4) the trial court erred in denying Irving's motion for continuance. We affirm the trial court's judgment.

## PROCEDURAL HISTORY

Irving sued the Church alleging she mistakenly entered the south entrance of the Church's parking lot when she intended to enter the parking lot of a hotel. A horizontal gate closure pole was mounted on a vertical pole which could be closed and locked in place. Although the Church was closed on the day in question, the gate was not locked. When Irving realized her mistake, she turned around to exit the parking lot. As she was exiting, the gate closure pole went through Irving's windshield and struck her in the face.

The Church filed its original answer on March 18, 2014, and filed its traditional and no-evidence motion for summary judgment on July 21, 2015. The motion asserted Irving was a trespasser on the Church's property, and there is no evidence the Church injured Irving willfully, wantonly, or through gross negligence. The motion further asserted even if Irving was a licensee, rather than a trespasser, the Church was entitled to summary judgment because: (1) the gate was not an unreasonably dangerous condition as a matter of law; (2) the Church did not have actual knowledge the gate was unreasonably dangerous; and (3) Irving admitted she was aware of the condition of the gate when she drove through the entrance.

On July 27, 2015, Irving filed a motion for continuance, asserting three motions to compel and two depositions remained pending at the time the Church filed its summary judgment motion. Irving also asserted the Church had failed to identify the person who unlocked the gate.

On August 4, 2015, Irving filed a response to the summary judgment motion. In her response, Irving asserted she was an invitee on the Church's property, the gate posed a dangerous

condition, and the Church knew about the dangerous condition. In the event she was determined to be a trespasser, Irving asserted the gate formed an extreme degree of risk of harm and involved conscious indifference to the rights, safety or welfare of others.

On August 10, 2015, the Church filed a response to Irving's motion for continuance, asserting the two depositions referenced in Irving's motion had been taken. The Church also responded that the two Church employees who had been deposed testified they did not know who unlocked the gate, and the Church's attorney also had informed Irving's attorney the Church had no additional information regarding who unlocked the gate.

On August 11, 2015, the day of the summary judgment hearing, the Church filed a reply to Irving's response, asserting Irving was not an invitee. Instead, the Church argued Irving was a trespasser, and there was no evidence the Church constructed the gate intending to harm Irving. The Church further asserted the same arguments raised in its original motion in the event the trial court determined Irving was a licensee. Also on August 11, 2015, Irving filed a supplemental response attaching a deposition transcript which was not available on the date she filed her original response.

After the hearing on August 11, 2015, the trial court signed an order denying Irving's motion for continuance. The trial court also signed an order granting the Church's traditional and no-evidence motion for summary judgment without specifying the basis for its decision. Irving appeals.

### MOTION FOR CONTINUANCE

In her fourth issue, Irving contends the trial court erred in denying her motion for continuance. "When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). "A trial court abuses its discretion

when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* "[W]hen deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery," we consider "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Id.* "In determining whether an adequate time for discovery has passed under Rule 166a(i) [for purposes of a no-evidence summary judgment], an appellate court examines: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion had been on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines were specific or vague." *Rankin v. Union Pac. R.R. Co.*, 319 S.W.3d 58, 67 (Tex. App.—San Antonio 2010, no pet.).

Irving does not address any of the foregoing factors in her brief. At the time the motion for summary judgment was filed, eighteen months had passed since the Church had filed its original answer and only four months remained before trial was set to begin. *See Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding trial court did not abuse its discretion in concluding adequate time for discovery had passed where lawsuit had been on file sixteen months before summary judgment motion was filed). Six depositions had been taken before the motion was filed, and two additional depositions were taken before the summary judgment hearing. In addition, Irving had requested and been given the opportunity to inspect and photograph the gate.

In her motion for continuance, Irving referenced only five additional items of discovery she alleged to be necessary. First, Irving referenced a motion to compel the deposition of the Church's secretary, Jackie Carmen. This deposition was taken prior to the summary judgment

hearing and was referenced by Irving in her supplemental response. Second, Irving referenced a motion to compel the Church to produce the cost of signage the Church placed on the gate after the date of the incident. The Church voluntarily provided the invoices for the signs, and the invoices were attached to Irving's summary judgment response. Third, Irving referenced a motion to compel the deposition of the person who unlocked the gate. As previously noted, the two employees of the Church who were deposed stated they did not know who unlocked the gate, and the Church's attorney informed Irving's attorney the Church had no additional information it could provide as to the identity of that person. Fourth, Irving referenced the deposition of her husband; however, Irving failed to state what additional evidence she sought to obtain from her husband that was not contained in his affidavit which she attached to her summary judgment response. In addition, her husband's deposition was taken prior to the summary judgment hearing. Finally, Irving again referenced Carmen's deposition; however, as previously noted, the deposition was taken prior to the summary judgment hearing and was attached to Irving's supplemental response.

Based on the foregoing, we hold the trial court did not abuse its discretion in denying Irving's motion for continuance.

### PREMISES LIABILITY LAW

"In a premises liability case, the duty owed to the plaintiff depends on the status of the plaintiff at the time of the incident." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004). The plaintiff's status can be invitee, licensee, or trespasser. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999). A landowner's duty to an invitee is to "make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). A landowner's duty to a licensee is to not injure the licensee by willful, wanton, or grossly negligent conduct, and to use ordinary care to either warn a licensee of, or to make reasonably

safe, a dangerous condition of which the owner has actual knowledge and the licensee does not. *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 656 (Tex. 2012); *City of Denton v. Paper*, 376 S.W.3d 762, 766 (Tex. 2012). Therefore, while a licensee must prove the landowner actually knew of the dangerous condition, the invitee is only required to prove the landowner knew or reasonably should have known of the condition. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992); *Ybarra v. Cty. of Hidalgo*, 362 S.W.3d 129, 133 (Tex. App.—San Antonio 2011, no pet.). A landowner owes no duty to a trespasser except to refrain from injuring the trespasser willfully, wantonly, or through gross negligence. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 309 (Tex. 2014); *State v. Shumake*, 199 S.W.3d 279, 285 (Tex. 2006).

## SUMMARY JUDGMENT

As previously noted, the Church moved for summary judgment on the ground that Irving was a trespasser or, in the alternative, a licensee. In her response, Irving asserted she was an invitee. In its order granting the summary judgment, the trial court did not specify the basis for its ruling.

In her brief, Irving only challenges the trial court's findings as they would relate to an invitee or licensee. Specifically, in her first and third issues, Irving contends the Church had actual knowledge of the dangerous condition of the gate and the trial court erred in finding the unlocked gate was not a dangerous condition. The Church's motion, however, also asserted Irving was a trespasser, and Irving does not raise any issues on appeal challenging the trial court's summary judgment on a trespasser liability theory.[1]

---

[1] As previously noted, a landowner owes no duty to a trespasser except to refrain from injuring the trespasser willfully, wantonly, or through gross negligence. *Boerjan*, 436 S.W.3d at 309; *Shumake*, 199 S.W.3d at 285. Although Irving includes the word "trespasser" in arguing elements relating to a landowner's duty to an invitee/licensee, none of Irving's issues challenge the trial court's possible finding that she was a trespasser or address how the Church breached the duty owed to a trespasser.

"An appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal." *Krueger v. Atascosa Cty.*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.); *see also Ontiveros v. Flores*, 218 S.W.3d 70, 71 (Tex. 2007) (holding appellant waived appellate review of validity of summary judgment on unchallenged claims); *Malooly Bros., Inc. v. Napier*, 461 S.W.3d 119, 121 (Tex. 1970) (holding summary judgment which could be based on unchallenged ground must be affirmed). If the appealing party fails to challenge a ground on which the movant asserted a right to summary judgment in the trial court, we "need not review the merits of the challenged ground and may affirm on an unchallenged ground." *Krueger*, 155 S.W.3d at 621; *see also Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 722-23 (Tex. App.—Fort Worth 2013, no pet.) (affirming summary judgment on unchallenged ground); *see generally* Timothy Patton, *Summary Judgments in Texas* § 8.03[2] (3rd ed. 2015) (noting "unless the appellant has specifically challenged every independent basis supporting the summary judgment, the appellate court need not even review the merits but can simply rest affirmance on the unchallenged ground"). Because the Church asserted a right to summary judgment on the ground that Irving was a trespasser and Irving does not challenge that ground on appeal, we affirm the trial court's judgment.[2]

**CONCLUSION**

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

[2] We note Irving's second issue challenges the trial court's alleged exclusion of evidence under Rule 407a of the Texas Rules of Evidence. Although the Church filed objections to Irving's summary judgment evidence, the appellate record contains no order ruling on those objections or any other order excluding evidence.