# IN THE SUPREME COURT OF TEXAS

══════════
No. 12-0838
══════════

PHILIP BOERJAN, MESTENA OPERATING, LLC, FORMERLY KNOWN AS MESTENA OPERATING, LTD., MESTENA INC., AND MESTENA URANIUM, LLC, PETITIONERS,

v.

J. JESUS RODRIGUEZ AND M. CARMEN NEGRETE, INDIVIDUALLY, AND AS CO-REPRESENTATIVES OF THE ESTATES OF NICOLAS LANDEROS-ANGUIANO, ANGELINA RODRIGUEZ-NEGRETE, AND CLAUDIA LAURA LANDEROS RODRIGUEZ, AND AS NEXT FRIENDS OF A.L.R., A MINOR, RESPONDENTS

══════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
══════════════════════════════════════════════

**PER CURIAM**

In this case, we address the duty a landowner or occupier owes to a trespasser. Here, a driver trespassed on a ranch while transporting a family. After being confronted by a ranch employee, the trespassing driver fled at high speed, and the vehicle rolled over, killing the family. The decedents' family (the Rodriguezes) filed wrongful death claims, including negligence and gross negligence. Because our case law makes clear that a land occupier owes only a duty to avoid injuring a trespasser wilfully, wantonly, or through gross negligence, a claim for simple negligence must fail. *See Tex. Utils. Elec. Co. v. Timmons*, 947 S.W.2d 191, 193 (Tex. 1997) (citing *Burton Constr. & Shipbuilding Co. v. Broussard*, 273 S.W.2d 598, 603 (Tex. 1954)). As to gross negligence, we hold

that the trial court properly granted a no-evidence summary judgment motion because the Rodriguezes failed to raise a genuine issue of material fact.

A mother, father, and child from Mexico hired Jose Maciel, a "coyote," to provide transport to either Houston or New Orleans. Maciel collected the family, along with another immigrant named Oscar Vasquez-Lara, from a house in Texas. Maciel arrived at the private Jones Ranch before dawn, told the family and Vasquez-Lara to move from the back seat to the floor, and used keys to open a locked gate to enter the ranch.

An employee of the ranch operator—the parties dispute whether it was Philip Boerjan or non-party Ray Dubose—stopped Maciel and asked him why he had entered the property. The employee, who could see only Maciel and an unidentified front-seat passenger, wrote down the truck's license-plate number. Maciel then fled at high speed over the unlit caliche road. Again, the parties dispute the facts. The ranch operators, who claim Dubose stopped Maciel, also claim Dubose merely followed Maciel's caliche dust trail to find the truck, and then waited for Boerjan to arrive. The Rodriguezes claim Boerjan pursued Maciel at high speed. For support, the Rodriguezes rely on the testimony of Vasquez-Lara, who was kneeling on the floor in the back of the truck's cab while the family sat next to him.[1] Vasquez-Lara testified that the speedometer reached "about 80, 90." Maciel fled for approximately five miles before his truck rolled over, ejecting and killing all three

---

[1] The petitioners argue that Vasquez-Lara's position would make it impossible to see if anyone followed Maciel; if true, Vasquez-Lara's testimony would provide no evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 812 (Tex. 2005). But it stretches credulity that Vasquez-Lara could not have shifted position to see through the window during the approximately five miles of Maciel's flight.

family members and injuring Vasquez-Lara. After the accident, Maciel and the unidentified passenger fled.

The Rodriguezes, the deceased mother's parents, sued the ranch's operators (Mestena Operating, Ltd.; Mestena Inc.; and Mestena Uranium, LLC) and employee Philip Boerjan (collectively, Ranch Petitioners), bringing claims for wrongful death; negligence; gross negligence; assault; and negligent entrustment, retention, and supervision. The Ranch Petitioners filed traditional summary judgment motions asserting that the unlawful acts doctrine barred all claims. Boerjan and Mestena Uranium also jointly filed a no-evidence summary judgment motion on all claims. The trial court granted all the motions and rendered final judgment dismissing all the Rodriguezes' claims.

The court of appeals applied the unlawful acts doctrine, but concluded that the decedents' acts were not "inextricably intertwined" with their claims against the Ranch Petitioners; thus, it held that the trial court erred by granting the traditional motion for summary judgment on wrongful death, negligence, gross negligence, and assault. 399 S.W.3d 223, 229–30. On the no-evidence motion, the court found that fact issues remained and reversed the trial court on the wrongful death, negligence, and gross negligence claims. *Id.* at 232–34. The court affirmed the no-evidence dismissal of the assault and negligent entrustment, retention, and supervision claims because the Rodriguezes waived any complaint by failing to present any argument or authority demonstrating error. *Id.* at 233 (citing TEX. R. APP. P. 38.1(i)). The Rodriguezes do not challenge that ruling here.

3

We address whether the court of appeals erred by reversing: (1) the traditional summary judgment based on the unlawful acts doctrine; (2) the no-evidence summary judgment on negligence; and (3) the no-evidence summary judgment on gross negligence.

We review a grant of summary judgment de novo. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam). In a traditional motion for summary judgment, a movant must state specific grounds, and a defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment. *Id.* (citing TEX. R. CIV. P. 166a(c)). In a no-evidence motion for summary judgment, the movant contends that no evidence supports one or more essential elements of a claim for which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each challenged element. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam) (citing TEX. R. CIV. P. 166a(i)).

All the Ranch Petitioners moved for traditional summary judgment, arguing that the unlawful acts doctrine barred the Rodriguezes' claims. Under the doctrine, "no action will lie to recover a claim for damages, if to establish it the plaintiff requires aid from an illegal transaction, or is under the necessity of showing or in any manner depending upon an illegal act to which he is a party." *Gulf, C. & S. F. Ry. Co. v. Johnson*, 9 S.W. 602, 603 (Tex. 1888). In our recent opinion in *Dugger v. Arredondo*, 408 S.W.3d 825 (Tex. 2013), we held that the comparative responsibility scheme under Chapter 33 of the Texas Civil Practice and Remedies Code abrogated the unlawful acts doctrine. *Id.* at 832. Applying *Dugger* to this case, the unlawful acts doctrine cannot provide the basis for summary judgment. We therefore affirm that part of the court of appeals' judgment.

4

Next, we address Mestena Uranium and Boerjan's no-evidence motion for summary judgment on the negligence claim. The court of appeals performed a foreseeability analysis to conclude that Boerjan owed a duty of reasonable care to not injure the family by "allegedly initiating and maintaining a high speed chase over a caliche road." 399 S.W.3d at 231–32. The Ranch Petitioners argue that this imposes a new duty on landowners to protect trespassers from the actions of other trespassers.

In a negligence case, the threshold inquiry is whether the defendant owes a legal duty to the plaintiff. *Centeq Realty, Inc. v. Siergler*, 899 S.W.2d 195, 197 (Tex. 1995). Duty presents a legal question. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). As we stated in *Texas Utilities Electric Co. v. Timmons*, the "only duty the premises owner or occupier owes a trespasser is not to injure him wilfully, wantonly, or through gross negligence." 947 S.W.2d at 193 (citing *Broussard*, 273 S.W.2d at 603).[2] The court of appeals' foreseeability analysis ignored this well-established rule, under which the Ranch Petitioners owed the decedents only a duty to avoid injuring them wilfully or wantonly, or through gross negligence. *See id.*[3] By its plain language, this

---

[2] *Accord* 65A C.J.S. *Negligence* § 483 (2010) ("[T]here may be liability for injury to a trespasser resulting from . . . the act of the owner or person in charge thereof where such injury was willfully or wantonly inflicted . . . or where the person [was] guilty of negligence so gross as to warrant an inference of a disregard of consequences or willingness to inflict the injury.") (footnotes omitted); 57A AM. JUR. 2D *Negligence* § 87 (2004) ("The duty owed to a trespasser by an employer, owner of a place of employment, or owner of a public building to refrain from willfully and intentionally injuring the trespasser also applies in an ordinary negligence case.") (citation omitted); RESTATEMENT (SECOND) OF TORTS § 333 (1965) (noting the general rule that "a possessor of land is not liable to trespassers for physical harm caused by his failure to exercise reasonable care (a) to put the land in a condition reasonably safe for their reception, or (b) to carry on his activities so as not to endanger them").

[3] The Legislature has codified this common-law rule, although the statute does not apply in this case because it went into effect after the accident. *See* Act of May 9, 2011, 82nd Leg., R.S., ch. 101, § 3, 2011 Tex. Gen. Laws 558, 559. "An owner, lessee, or occupant of land does not owe a duty of care to a trespasser on the land and is not liable for any injury to a trespasser on the land, except that an owner, lessee, or occupant owes a duty to refrain from injuring a trespasser wilfully, wantonly, or through gross negligence." TEX. CIV. PRAC. & REM. CODE § 75.007(b).

5

duty does not support a simple negligence claim. *See also* RESTATEMENT (SECOND) OF TORTS § 333 cmt. b (1965). Because the Ranch Petitioners did not owe the decedents an ordinary negligence duty, the Rodriguezes' claim must fail as a matter of law. The court of appeals erred when it held otherwise. We reverse that part of the court of appeals' judgment.

Finally, we address the no-evidence summary judgment on gross negligence. Again, only Boerjan and Mestena Uranium joined this motion. Gross negligence requires a showing of two elements:

> (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others.

*Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001) (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994)); *see* TEX. CIV. PRAC. & REM. CODE § 41.001(11). Under the first, objective element, an extreme risk is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). Under the subjective element, "actual awareness means the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id.* Circumstantial evidence may suffice to prove either element. *Id.* The court of appeals, having found a fact issue on both elements, reversed the trial court's no-evidence summary judgment. 399 S.W.3d at 232–34. We disagree.

We must "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). No-evidence summary judgment is improper when the nonmovant's evidence amounts to "more than a scintilla of probative evidence to raise a genuine issue of material fact." *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

As to the objective element, the Rodriguezes contend, and the court of appeals accepted, that the evidence indicates Boerjan chased Maciel at high speed over unlit roads, creating an extreme risk of harm to the decedents. *See* 399 S.W.3d at 233. If the evidence permitted such an inference, it might create a fact issue. But, even viewing the evidence in the light most favorable to the Rodriguezes, *see Timpte Indus., Inc.*, 286 S.W.3d at 310, the evidence provides no such support. Vasquez-Lara testified that Boerjan's white truck was "coming behind" for "[q]uite a bit of time." Vasquez-Lara said nothing about whether Boerjan made any aggressive moves, how closely Boerjan followed Maciel's truck, or how fast Boerjan was traveling. At most, we might infer that Boerjan followed Maciel. But that does not create "the likelihood of serious injury to the [decedents]." *See Ellender*, 968 S.W.2d at 921. Simply following a trespasser's truck is a far cry from the sort of objective risk that would give rise to gross negligence. *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1994) (requiring some evidence that the defendant's conduct created an extreme risk of harm). Because the Rodriguezes have failed to meet the objective element of gross negligence, we need not reach the subjective element.

7

For clarity's sake, we review our holding. The trial court granted a traditional summary judgment motion based on the unlawful acts doctrine; this was error, and therefore we affirm the part of the court of appeals' judgment reversing that ruling. Because Mestena Operating and Mestena, Inc. joined only this motion (and not the no-evidence motion for summary judgment), those parties will face all remaining claims (wrongful death; negligence; gross negligence; assault; and negligent entrustment, retention and supervision). As to negligence and gross negligence, the court of appeals found fact issues on both claims. This was error, and the trial court properly granted Mestena Uranium and Boerjan's no-evidence summary judgment motions on negligence and gross negligence. Because the wrongful death claim derives from the Rodriguezes' other claims, *see In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 644 (Tex. 2009), and no claims remain against Mestena Uranium and Boerjan, the trial court also correctly rendered no-evidence summary judgment on the wrongful death claims.[4] We reverse the court of appeals' judgment as to Boerjan and Mestena Uranium's no-evidence motion for summary judgment on negligence, gross negligence, and wrongful death. We grant the petition for review and, without hearing oral argument, reverse in part and affirm in part the court of appeals' judgment and remand this case to the trial court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 59.1.

OPINION DELIVERED: June 27, 2014

---

[4] *See* TEX. CIV. PRAC. & REM. CODE § 71.002(b) ("A person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default."); *Diaz v. Westphal*, 941 S.W.2d 96, 101 (Tex. 1997) (rendering a take-nothing judgment in a wrongful death action where the statute of limitations barred the underlying claim and, thus, the wrongful death claim).