

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-17-00565-CV

David **MORA**, Texas Sterling Construction Co. a/k/a Texas Crushed Concrete, and Sterling Construction Company, Inc. a/k/a Sterling Delaware Holding Company, Inc.,
Appellants

v.

Martin **VALDIVIA** Sr. and Maria Cervantes Valdivia, both Individually and as Sole Heirs of the Estate of Martin Valdivia Jr., Deceased,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI09734
Honorable Michael E. Mery, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2019

I concur in the judgment except as to gross negligence. While I agree with the majority that the evidence does not support the jury's gross negligence finding with respect to David Mora, I disagree that the evidence supports the jury's finding with respect to José González. For this reason, I respectfully dissent in part.

## Standard of Review

David Mora, Texas Sterling Construction Co., and Sterling Construction Company, Inc. (collectively, "the Sterling Appellants") challenge the legal and factual sufficiency of the evidence

supporting the jury's verdict. Because gross negligence must be established by clear and convincing evidence, we apply a heightened standard of sufficiency review. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 138 (Tex. 2012). Under this heightened review, we must determine whether there was some evidence presented at trial that produces a firm belief or conviction of the truth of the allegation. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 627 (Tex. 2004).

**Discussion**

**A.      Gross negligence**

Gross negligence requires a showing of two elements:

(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others.

*Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam) (quoting *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001)). "Actual, subjective awareness" means "'the defendant knew about the peril, but its acts or omissions demonstrated that it did not care.'" *Id.* "Circumstantial evidence may suffice to prove either element," so long as it is clear and convincing. *Id.*; *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008).

Because a corporation can only act through individuals, courts must distinguish between acts directly attributable to the corporation and acts solely attributable to the corporation's agents or employees. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). A corporation may be grossly negligent if the corporation authorizes or ratifies its agent's gross negligence, or if it commits gross negligence through the actions or inactions of a vice principal. *Id.* at 921–22. A

vice principal may be: (1) a corporate officer; (2) someone who has authority to employ, direct, and discharge other employees; (3) someone who performs the corporation's nondelegable or absolute duties; or (4) someone responsible for management of the corporation or its departments and divisions. *Id.* at 922. To determine whether an agent's or vice principal's acts are directly attributable to a corporate employer, we consider all the surrounding facts and circumstances, including reasonable inferences that can be drawn from the corporation's acts or omissions. *Id.*

## B.    The jury charge

In this case, the jury was asked: "Do you find by clear and convincing evidence that the harm . . . resulted from gross negligence attributable to Texas Sterling Construction Co.?" The charge gave the definition of gross negligence and instructed that Texas Sterling Construction Co. ("Sterling") "may be grossly negligent because of an act by David Mora or [José González] if, but only if—1. [Sterling] authorized the doing and the manner of the act, or 2. [Sterling] or a vice principal or manager of . . . Sterling ratified or approved the act." The jury was further instructed on the definitions of "vice principal" and "manager." In response to the instruction to answer "Yes" or "No" for David Mora and José González, the jury answered "Yes" for both.

Counsel for the Sterling Appellants objected to the gross negligence instruction "on the grounds of no evidence" but expressly stated he had no objection to the form of the instruction. Appellees ("the Valdivias") also made no objection. Where neither party objects to the questions submitted to the jury, we measure the sufficiency of the evidence by the jury charge as it was actually submitted. *Oliva v. Davila*, 373 S.W.3d 94, 101 (Tex. App.—San Antonio 2011, pet. denied) (citing *Romero v. KPH Consol., Inc.*, 166 S.W.3d 212, 221 (Tex. 2005)). Therefore, we must review the sufficiency of the evidence to support the jury's finding that Sterling was grossly

negligent *specifically* based on an act or omission of David Mora or José González that was authorized by Sterling or ratified and approved by its vice principal or manager.

## C.    Analysis

On appeal, the Sterling Appellants argue there is no evidence González, as Sterling's Corporate Safety Director, personally committed any act or omission giving rise to the accident, nor is there any evidence González had knowledge of the risk posed by Mora's unsecured toolbox prior to the accident. The Valdivias argue González nevertheless committed an act or omission because: (1) González was aware of the risk posed by unsecured loads generally; and (2) González was aware there was no Sterling policy regarding load securement and failed to implement one.

As previously noted, I agree with the majority that there is insufficient evidence Mora had actual, subjective awareness of the risk. However, I also believe there is insufficient evidence González had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others. Put another way, because there is no evidence González knew any employee, including Mora, was towing unsecured loads, I believe there is insufficient evidence to conclude González "knew about the peril, but [his] acts or omissions demonstrated that [he] did not care." *See Lee Lewis Constr.*, 70 S.W.3d at 785.

"Corporate safety policies, or the lack of them, can serve as the basis for a gross negligence finding." *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247 (Tex. 1999) (citing *Ellender*, 968 S.W.2d at 924–25). The Valdivias rely on *Ellender*, in which the defendant had extensive company policies to protect employees from benzene exposure but had no comparable policies for non-employee contractors. 968 S.W.2d at 924–25. The supreme court held the existence of a company policy to protect employees but not contractors was legally sufficient evidence permitting the jury to infer the defendant company knew of the extreme risk of benzene exposure but proceeded with

conscious indifference toward the safety of contract workers. *Id.* This is not a case like *Ellender* in which gross negligence can be inferred because the company took steps to protect one group of employees but was consciously indifferent to the safety of another group. Further, this case is unlike *Ellender* in that this jury was not charged to determine whether gross negligence is directly attributable to the company. Rather, here, the jury was charged to determine whether the harm was caused by a grossly negligent act or omission <u>*by González*</u> personally and whether that act is attributable to Sterling.

Where, as here, a plaintiff elects to charge a company with gross negligence based on the conduct of an individual, courts will find liability if the individual actor had actual, subjective knowledge of an extreme risk (as opposed to the mere potential for risk) and consciously disregarded it. For example, a construction company was liable for the gross negligence of a company superintendent who personally saw employees on the ninth floor of a building under construction working with an "ineffective fall-protection system" but "did nothing to remedy it." *Lee Lewis Constr.*, 70 S.W.3d at 784, 786. Similarly, a hospital was liable for the gross negligence of a supervising nurse who was present in the treatment room when a patient received a dangerous injection and "had a serious question about the propriety of administering" the injection but "did nothing" to stop it. *Columbia Med. Ctr. of Las Colinas v. Bush ex rel. Bush*, 122 S.W.3d 835, 855–56 (Tex. App.—Fort Worth 2003, pet. denied).

In contrast, courts will not find a company liable for gross negligence where no vice principal personally observed or was personally aware of the risk and consciously disregarded it. For example, an apartment building was not liable for gross negligence where, although contract employees had made threats against the plaintiff tenant prior to assaulting him, the vice principals identified in the jury charge did not hear those threats and were not aware of them. *Hammerly*

*Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997)[1]; *see also Godines v. Precision Drilling Co., L.P.*, No. 11-16-00110-CV, 2018 WL 2460302, at *7 (Tex. App.—Eastland May 31, 2018, no pet.) (mem. op.) (affirming no evidence summary judgment on gross negligence claim because "there was no evidence that a [company] supervisor was conscious that one of its employees was about to scope out the derrick from the two trucks but, nonetheless, allowed the employee to continue doing so without conducting a [job safety analysis] meeting beforehand").

Here, regardless of whether González is a vice principal or merely an agent of Sterling, there is no dispute he was not aware until after the accident that Mora was towing an unsecured load. González lives and works in Houston and only went to the scene of the accident the day after it happened to investigate for Sterling. Although González testified both he and Sterling were aware prior to the accident that failing to secure a load before towing poses "an unreasonable risk of harm, injury, or death to the motoring public" that is "significant," there is no evidence in the record that González was aware Mora or other Sterling employees were towing unsecured loads prior to the accident. González also testified: "You know, load securement is understood . . . it's pretty much common sense. So having a policy, you know, I don't—I don't know that I totally agree with it, that we made a conscious decision not to train."

The supreme court has held the lack of a corporate safety policy, on its own, will not support an inference that a corporate defendant was subjectively aware of or consciously indifferent to a risk of injury where there is no evidence a vice principal observed or was otherwise aware that the risk had materialized but disregarded it. For instance, in *Andrade*, the trial court rendered judgment on a jury finding of gross negligence in favor of a contract employee who was

---

[1] Another apartment employee identified in the charge did hear the threats, but any gross negligence on her part in failing to act could not be attributed to the company because she was neither a vice principal nor an agent whose conduct the company authorized or ratified. *Id.*

injured by an electrified crane while working on the corporate defendant's premises. 19 S.W.3d at 246. As in this case, the defendant conceded the electrified crane created an extreme degree of risk, satisfying the objective element of gross negligence. *Id.* Regarding the subjective element, the employee argued the jury could infer the defendant's subjective awareness based on its failure to have any company-wide safety policies or training. *Id.* at 247. The supreme court held failure to have a safety policy might clearly support a negligence finding but, on its own, is legally insufficient to establish the subjective component of gross negligence. *Id.* (distinguishing *Ellender*). Given the company managers' testimony that they believed they had de-electrified the crane or witnessed someone else do so prior to the employee's injury, the court held there was no evidence the managers had actual, subjective awareness that the electrified crane posed a risk or were consciously indifferent to that risk. *Id.* at 248.

Similarly, here, there is no evidence González knew or had been informed that any Sterling employee was actually towing unsecured loads or that González disregarded that knowledge. There also is no evidence González knew Sterling employees were likely to be towing unsecured loads, since he believed load securement is "common sense." Again, because the jury was charged to determine whether Sterling was liable for the gross negligence of González specifically, we are bound to review the evidence in light of what González actually, subjectively knew. Even if we were not so constrained, however, I would note there is no evidence any other Sterling vice principal knew Mora was towing an unsecured load. To the contrary, Sterling Division Safety Manager Robert Mitchell testified that for the ten months prior to the accident, he assumed the toolbox on Mora's trailer was secured and would have instructed Mora to secure it had he known Mora had not done so.

## D.     Conclusion

Based on a review of the entire record, therefore, I would hold there is insufficient evidence to support a finding that González had "actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others." *See Boerjan*, 436 S.W.3d at 311. While it is clear González knew towing unsecured loads is extremely dangerous and that Sterling did not have a written policy requiring employees to secure loads before towing, I would hold the subjective awareness element of the gross negligence test is not satisfied unless there is some evidence supporting a firm belief or conviction that González knew Sterling employees, and Mora in particular, were actually towing unsecured loads and consciously disregarded that knowledge. To conclude otherwise would permit a finding of gross negligence in every case in which an employer does not have a safety policy applicable to a particular risk, even if the employer is not subjectively aware that the risk has materialized or is likely to materialize. Therefore, as charged, I would hold the evidence is insufficient to support the jury's finding of gross negligence based on any act or omission by González.

Sandee Bryan Marion, Chief Justice