# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00557-CV

**Julio Gonzales, Appellant**

**v.**

**Austowers LLC d/b/a Crossing Point Shopping Center, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-006811, THE HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this premises-liability case, the trial court granted summary judgment in favor of Austowers, LLC d/b/a Crossing Point Shopping Center (the Shopping Center) on Julio Gonzales's claims. In two issues, Gonzales contends that the trial court erred in granting summary judgment because there were fact issues as to his status as a licensee on the Shopping Center's premises and its breach of the duty owed to him as a licensee. For the following reasons, we affirm the trial court's order.

## BACKGROUND

Gonzales sued the Shopping Center to recover damages for personal injuries that he sustained on July 6, 2017, when he allegedly fell on the Shopping Center's property around

11:00 p.m.[1]  Gonzales alleged in his amended petition that:  (i) he was a truck driver en route to deliver merchandise to a Sam's Wholesale Club that is located near the Shopping Center; (ii) he parked his truck in the Shopping Center's parking lot; (iii) as he was walking, he decided to cross what he thought was a street and noticed a "narrow cement barrier at ground level"; (iv) "[i]n the artificial lighting that night it seemed that the street was flush or close to flush with the cement barrier"; and (v) "when [he] stepped over the cement barrier he fell approximately 37 inches to the pavement below fracturing his hip."

The Shopping Center filed a traditional and no-evidence motion for summary judgment on the grounds that there was no evidence that it was negligent or grossly negligent either in terms of any activity or the creation or maintenance of a premises defect; that the accident did not occur on its property; and that even if it did, Gonzales was a trespasser who did not produce any evidence that the Shopping Center was "negligent, much less negligent in a wanton, willful, or grossly negligent fashion in the creation of the premises."  The Shopping Center's supporting evidence included a transcript of Gonzales's deposition and an affidavit of the operations manager of the entity managing construction of the Shopping Center.  The operations manager averred that at the time of the incident, the Shopping Center "was not open and unoccupied," "there were at least three 'Construction Entrance Only' signs at each of the entrances/exits to the facility," and "the parking lot lights only became operational in August of 2017 because the final electrical inspection of Building 1 passed on August 17, 2017."

Gonzales filed a response to the motion with a supporting affidavit and attachments.  In his response, he contended that there was a fact issue whether he was prohibited

---

[1] Gonzales also sued two other entities, but he non-suited his claims against those entities in the trial court.

from the Shopping Center's property, that he "was at least a licensee," and that the dangerous condition was an "unguarded retaining wall" that was in violation of a local building code and not adequately illuminated. In his affidavit, Gonzales swore to what happened when he fell:

> As I was on my way back toward my rig it was about 11:00 p.m. so it was dark. At one point I found myself in an area where there seemed to be a concrete landscaping border between one parking lot and another. I approached the adjacent parking lot by walking toward this concrete landscaping border. In the available light the adjacent parking lot seemed to be almost flush with the parking lot I was in. I stepped over the concrete border thinking I was going to step onto the asphalt on the opposing side. Instead, I fell approximately 37" onto the asphalt below. I know it was 37" because I measured it later on. I came to realize after my fall that what I thought was a concrete landscaping border was, in fact, the top of a retaining wall separating one parking lot from another.

He also swore that he did not see "signs warning of the drop off from the retaining wall" or "restricting or prohibiting entry into any of the areas [he] walked across including the area where he fell." Gonzales attached "a photograph showing the retaining wall [he] fell from and the area where [he] fell onto the asphalt," "a Google Earth image which shows the retaining wall from which [he] fell," and "a photograph taken shortly after [his] fall showing what the top of the retaining wall looked like from [his] perspective during daylight."

The Shopping Center filed a reply, arguing that Gonzales's affidavit was a sham affidavit that the trial court should ignore because his affidavit identifies a location where his injury occurred that is different from the locations in his deposition and discovery responses, which were also "completely different" from each other. Without specifying the grounds for its ruling, the trial court granted the Shopping Center's traditional and no-evidence motion for summary judgment. This appeal followed.

3

## ANALYSIS

*Standard of Review*

We review summary judgments de novo. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). If the trial court does not specify the grounds for its summary judgment, we must affirm the summary judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Id.* at 216. When a party files both traditional and no-evidence motions, we first review the trial court's decision under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

A movant seeking a no-evidence summary judgment must assert that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Once the motion is filed, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each element challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). In our review from summary judgment, we consider the evidence in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Merriman*, 407 S.W.3d at 248. "No-evidence summary judgment is improper when the nonmovant's evidence amounts to 'more than a scintilla of probative evidence to raise a genuine issue of material fact.'" *Boerjan*, 436 S.W.3d at 310 (quoting *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009)).

4

*Did Gonzales present evidence that created a fact issue?*

Premises liability is a form of negligence in which the duty owed by the landowner depends on the status of the person injured on his premises. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 474 (Tex. 2017); *see also Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990) (explaining that "legal duty owed by one person to another" is element of negligence and that existence of duty is question of law). A person has the status of a licensee if he "enters and remains on land with the owner's consent and for the licensee's own convenience, or on business with someone other than the owner" as compared with the status of a trespasser who enters "another's property without lawful authority, permission, or invitation."[2] *Mayer v. Willowbrook Plaza, Ltd. P'ship*, 278 S.W.3d 901, 910 (Tex. App.—Houston [14th Dist.] 2009, no pet.). A landowner owes a licensee and a trespasser the duty "not to cause injury willfully, wantonly, or through gross negligence." *Id.* In addition, a landowner owes a licensee the duty to warn or make safe a dangerous condition unknown to the licensee when the landowner has actual knowledge of the condition. *Id*.

Among its grounds for no-evidence summary judgment, the Shopping Center argued that even if the accident occurred on its property, Gonzales was a trespasser and that he did not produce any evidence that the Shopping Center was "negligent, much less negligent in a wanton, willful, or grossly negligent fashion in the creation of the premises."[3] In response,

---

[2] Gonzales concedes that he was not an invitee at the time of his injury.

[3] Because we affirm the summary judgment on a different ground, we do not address the Shopping Center's ground that Gonzales was not injured on its property and its argument that his affidavit must be ignored because it was a sham affidavit. *See Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *see also Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) ("[I]f the non-movant fails to produce legally sufficient evidence to meet his burden as to the no-evidence motion, there is no need to analyze whether the movant satisfied its

Gonzales provided his affidavit with attachments, including the photograph "of the area in which he fell," and argued that his evidence raised a fact issue as to his status as a licensee on the Shopping Center's premises and that, as a licensee, the Shopping Center had a duty to warn and protect him from the "dangerous condition" of "the drop from the retaining wall," which was known to the Shopping Center but unknown to him.

On appeal, Gonzales asserts that his "exact status" on the Shopping Center's premises was that of a "gratuitous licensee," a person who is on the premises solely for his own purpose in which the landowner has no interest, either business or social, and "to whom the privilege of entering is extended as a mere favor by express consent or by general custom." *See Gonzalez v. Broussard*, 274 S.W.2d 737, 738 (Tex. App.—San Antonio 1954, writ ref'd n.r.e.). Gonzalez, however, did not make this argument to the trial court in response to the motion for summary judgment. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Further, we cannot conclude that the evidence raised a genuine issue of material fact that the Shopping Center gave its consent—either "as a mere favor by express consent or by general custom"—for Gonzales to be on the Shopping Center's premises at 11:00 p.m. and before the shops had been opened for business. *See Boerjan*, 436 S.W.3d at 310 (requiring nonmovant's evidence to be more than scintilla of probative evidence to raise genuine issue of material fact).

Although Gonzales testified in his affidavit that there were "no signs that [he] saw restricting or prohibiting entry into any of the areas [he] walked across including the area where

burden under the traditional motion." (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004))).

[he] fell" and in his deposition that the Shopping Center appeared to be "already built" and that he did not see any construction, he also testified that the building "wasn't open yet," that no shops were open, and that "[t]hey were, like, fixing them." We conclude that Gonzales did not create a fact issue as to his status as a licensee and that he was a trespasser on the Shopping Center's premises. *See Mayer*, 278 S.W.3d at 910 (requiring consent or permission from landowner to have status of licensee).

Because he was a trespasser, it was Gonzales's burden to present evidence that the Shopping Center was negligent in a wanton, willful, or grossly negligent fashion. *See id.*; *see also Mack Trucks*, 206 S.W.3d at 582 (requiring nonmovant to present evidence raising fact issue as to each challenged element in no-evidence summary judgment motion). "Gross negligence involves two components: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001); *see U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 141 (Tex. 2012) (explaining that "party cannot be liable for gross negligence when it actually and subjectively believes that circumstances pose no risk to the injured party, even if they are wrong"). Willful and wanton negligence also has a subjective component. *See Turner v. Franklin*, 325 S.W.3d 771, 785–86 (Tex. App.—Dallas 2010, pet. denied) (describing "subjective element of willful and wanton negligence" and equating "willful and wanton" with gross negligence).

Gonzales has not identified any evidence that would raise a fact issue about the Shopping Center's actions or omissions that when viewed objectively involved an extreme

degree of risk or its proceeding with actual, subjective awareness of the risk involved and with conscious indifference to the rights, safety, or welfare of others. *See Lee Lewis Constr.*, 70 S.W.3d at 785 (stating that "'extreme risk'[] means not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff" and that "'actual awareness'[] means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care"); *Turner*, 325 S.W.3d at 785–86 (describing "subjective element of willful and wanton negligence" and affirming no-evidence summary judgment). Thus, we conclude that the trial court did not err in granting summary judgment in favor of the Shopping Center.

## CONCLUSION

For these reasons, we overrule Gonzales's issues and affirm the trial court's order granting summary judgment in favor of the Shopping Center.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   August 6, 2021

8