**Opinion filed December 30, 2021**



### In The

# Eleventh Court of Appeals

_____

## No. 11-20-00061-CV

_____

## VANETTE JOLLY, Appellant

## V.

## JEFF JOHNSON AND ROBBIE JOHNSON, Appellees

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 27457-B**

### M E M O R A N D U M   O P I N I O N

This appeal involves a breach of contract claim that originates from a settlement agreement executed by the parties. Appellees instituted the underlying lawsuit. In addition to their breach of contract claim, Appellees sought injunctive relief against Appellant to enforce the settlement agreement. Appellant asserted

counterclaims for breach of contract and fraud, in which she claimed that Appellees had (1) breached and exceeded the restricted communication methods set out in the settlement agreement and (2) made material misrepresentations regarding those communications.

Appellees filed a traditional motion for summary judgment, and Appellant responded and asserted that material issues of fact existed regarding Appellees' breach of contract claim. The trial court granted Appellees' motion for summary judgment and issued a mutual permanent injunction by which it enforced the parties' settlement agreement. The trial court also awarded Appellees attorneys' fees in the amount of $2,175.82. Appellant thereafter nonsuited her counterclaims, and this appeal followed.

On appeal, Appellant asserts that the trial court erred when it granted summary judgment in favor of Appellees because (1) specific performance is not an appropriate remedy to enforce the parties' settlement agreement, and (2) based upon the summary judgment evidence, material fact issues exist on Appellees' breach of contract claim. Because we agree that material issues of fact exist, we reverse and remand.

## I. *Factual Background*

The parties to this appeal are neighbors. The parties previously entered into a settlement agreement to resolve their dispute over the excessive barking and noise that was generated by Appellant's dog-boarding facility, which she operates on her property.

Under the terms of the settlement agreement, Appellant agreed to install sound-proofing materials between her facility and Appellees' property. Appellant

also agreed that she would not allow dogs to be outdoors except between 8 a.m. and 5 p.m. each day. Appellees agreed to plant trees on their property as a sound-proofing measure and to communicate with Appellant by text message if they heard dogs barking before or after the agreed hours of 8 a.m. to 5 p.m. In the settlement agreement, the parties specified that only Appellee Robbie Johnson would communicate with Appellant. If dogs were barking, Appellant agreed to retrieve and bring any barking dog inside, "as soon as practical," and to reply to Appellee Robbie Johnson's texts "as to when this can be accomplished." The parties acknowledged that Appellant could let the dogs out for a bathroom break at night, and Appellant agreed that if the dogs began barking during those bathroom breaks, she would bring them back inside.

Appellees contended that, despite the agreement, they continued to hear dogs barking from Appellant's property at all hours of the day and night. On numerous occasions, according to Appellees, Appellant failed to respond to Appellee Robbie Johnson's texts in a timely manner. Appellees further asserted that, on occasion, Appellant did not respond to their texts until the agreed upon time for the dogs to be outside. For example, Appellant responded at 7:50 a.m. to texts that Appellees had sent at around 6:30 a.m. the same day.

Appellant denied that it was her boarded dogs that were barking and disturbing Appellees. Both parties' summary judgment evidence, which is conflicting, also indicates that Appellant disputed that it was her boarded dogs that were barking in every instance.

As their summary judgment evidence, Appellees attached numerous screenshots of text messages—complete with dates and times—which they had sent

to Appellant, and in which they notified her that dogs were barking outside the hours agreed upon by the parties. The screenshots show Appellant's response to some messages, as well as her lack of response to others. Appellant's texted responses to these messages run the gambit from simple acknowledgements of Appellees' messages, to reassurances that she was checking on the dogs, to more extensive explanations that either she was not home, that she did not hear barking, or that the barking was not coming from her dogs.[1]

Appellant's summary judgment evidence consisted of affidavits by Appellant and her daughter, who manages the business; photographs of the sound-proofing measures both parties had undertaken pursuant to the settlement agreement; and a screenshot of a text message exchange purportedly with Appellee Jeff Johnson, in violation of the terms of the agreement. In the affidavits, Appellant and her daughter assert that Appellees constantly harassed them in bad faith in regard to their business, with the clandestine purpose of shutting down Appellant's business so they could purchase her property from her at a cheap price.

## II. *Standard of Review – Summary Judgment*

We review a traditional summary judgment de novo. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *KMS Retail*, 593 S.W.3d at 181; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We

---

[1]On multiple occasions, Appellant states in text messages that the barking dogs are her "personal" dogs (which, she asserts, are not subject to the settlement agreement) or other dogs in the neighborhood.

credit evidence favorable to the nonmovant if reasonable jurors could do so, and we disregard contrary evidence unless reasonable jurors could not. *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311–12 (Tex. 2014). The movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see KMS Retail*, 593 S.W.3d at 181; *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d. 254, 257 (Tex. 2017). If the initial burden is met, the burden then shifts to the nonmovant to raise an issue of material fact. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). The evidence raises a genuine issue of material fact if "reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

## III. *Analysis*

Settlement agreements are governed by the law of contracts. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 178 (Tex. 1997); *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). To recover on a breach of contract claim, the plaintiff must conclusively establish each of the following elements: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained as a result of the defendant's breach. *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 214–15 (Tex. App.—Eastland 2019, pet. denied) (citing *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018)). The central issue

in this appeal concerns the third element: whether Appellant breached the contract, i.e., the settlement agreement. Based on the record before us, we hold that material issues of fact exist as to this element.

In this case, Appellees had the burden to show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. We note that Appellees' own summary judgment evidence shows that a genuine issue of material fact exists on the breach of contract claim that they have asserted—the screenshots of text messages show many instances in which Appellant contends that the barking dogs are not her boarded dogs, or that she does not observe any barking at all. The question of whether Appellant violated the parties' settlement agreement by allowing her boarded dogs to bark outside during the agreed-upon "quiet hours" of 5 p.m. to 8 a.m. is answerable only if it could be determined from the evidence that (1) barking did occur, and (2) the barking was done by the dogs that were the subject of the agreement. Here, Appellees' summary judgment evidence does not conclusively establish either of those facts. Further, even if Appellees' summary judgment evidence was not lacking in that regard, Appellant's summary judgment evidence controverted Appellee's evidence and raised the same disputed issue of material fact: whether dogs were barking during the agreed upon "quiet hours" and, if so, whether the barking dogs were Appellant's.

Moreover, the terms of the settlement agreement dictate that Appellant was required to bring barking dogs inside "as soon as practical." Although Appellees contend that Appellant would often intentionally delay her responses to their text messages, the exchanged text messages also show that Appellant frequently provided explanations for her delayed responses.

Based on the record before us, we hold that Appellees failed to conclusively establish every element of their breach of contract claim as a matter of law and, thus, failed to carry their summary judgment burden. Therefore, the trial court erred when it granted summary judgment in favor of Appellees. Accordingly, we sustain Appellant's sole issue on appeal.[2]

## IV. *This Court's Ruling*

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.


W. STACY TROTTER

JUSTICE


December 30, 2021

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[3]

Bailey, C.J., not participating.

---

[2]In light of our holding, we need not address Appellant's argument concerning whether Appellees are entitled to specific performance. *See* TEX. R. APP. P. 47.1.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.