**Affirmed and Memorandum Opinion filed February 27, 2024.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-23-00417-CV

---

### JESUS YANEZ, Appellant

### V.

### OILPATCH NDT, LLC, Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2020-06236A**

---

### M E M O R A N D U M   O P I N I O N

At 2:20 a.m. on Christmas Eve in 2018, Jose Magana Garcia was drunk and under the influence of cocaine and barbiturates when he blacked out while driving his employer's vehicle, ran a red light, and crashed into a vehicle driven by Jesus Yanez. Yanez was injured, and he sued Yanez's employer, OilPatch NDT, LLC, for negligent supervision and negligent training. The trial court granted summary-judgment in OilPatch's favor. Because there is no evidence that the accident was

proximately caused by OilPatch's negligence in supervising or training Garcia, we affirm.

## I. BACKGROUND

Sunday, December 23, 2018, was not a workday for Garcia. That afternoon, he went to his coworker Rafael's apartment to watch a couple of soccer games on television. Garcia's vehicle had broken down, so he drove his employer's Chevrolet Equinox.

Garcia spent several hours drinking while watching the games. By the time he decided to go home, Garcia knew that his drinking had made it unsafe for him to drive and that he was endangering anyone else on the road on his way home. Garcia remembers leaving his friend's house but then he blacked out.

The next thing Garcia recalls is the side of Yanez's pickup truck so close in front of him it was too late for him to brake. Garcia, traveling south, "T-boned" the passenger side of Yanez's truck, which was traveling west. Although both vehicles sustained major damage, Garcia's vehicle kept going, now traveling west in the eastbound lane of traffic, until it struck yet another vehicle.

Both Garcia and Yanez were taken by ambulance to a hospital. There, Garcia's blood tested positive for barbituates, cocaine, and alcohol. His blood-alcohol level was .261—more than three times the legal limit[1]—and he was cited for driving while intoxicated.

Yanez sued Garcia and Garcia's employer OilPatch. The trial court granted summary judgment on all of the claims against OilPatch, but on appeal, Yanez

---

[1] "Intoxicated" is defined as having 0.08 grams of alcohol per 100 milliliters of blood. TEX. PENAL CODE § 49.01.

challenges the rulings only of his negligent-supervision and negligent-training claims.

## II. STANDARD OF REVIEW

In separate issues, Yanez challenges the summary judgment on his negligent supervision and negligent training claims. OilPatch's summary-judgment motion was a hybrid, combining a no-evidence motion with a traditional motion for summary judgment. We review both traditional and no-evidence summary judgments de novo. *See Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (per curiam). Where, as here, a successful movant sought both no-evidence and traditional summary judgment, and the record does not reveal the grounds on which the trial court may have granted judgment, we review the no-evidence grounds first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claim or defense for which the nonmovant bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *see Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We will affirm a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

3

## III. ANALYSIS

To prevail on claims of negligent supervision or training, a plaintiff must prove that the employer owed the plaintiff a legal duty to supervise or train its employees; that the employer breached that duty; and that the breach proximately caused the plaintiff's injuries. *Rayner v. Claxton*, 659 S.W.3d 223, 248 (Tex. App.—El Paso 2022, no pet.); *Najera v. Recana Sols., LLC*, No. 14-14-00332-CV, 2015 WL 4985085, at *7 (Tex. App.—Houston [14th Dist.] Aug. 20, 2015, no pet.) (mem. op.). OilPatch sought no-evidence summary judgment on the ground, among others, that there is no evidence that a breach of the duty to supervise or train Garcia proximately caused Yanez's injuries.

Proximate cause consists of cause-in-fact and foreseeability. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 874 (Tex. 2023). Cause-in-fact is established when "'the act or omission was a substantial factor in bringing about the injury' and, without it, the harm would not have occurred." *Id.* (quoting *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985)). Foreseeability requires the defendant to have reasonably anticipated the dangers that his negligent conduct created for others. *Id.*

As to both his negligent-supervision and his negligent-training claim, Yanez argues that the accident was proximately caused by Garcia's (a) personal use of the company vehicle, and (b) driving while intoxicated.

## A. Personal Use of the Company Vehicle

Yanez maintains that the accident and his resulting injuries would have been avoided but for OilPatch's (1) negligent supervision in failing to put a tracking device on the vehicle, or (2) OilPatch's negligent training in failing to inform Garcia that company policy forbade personal use of the vehicle.

4

There is no evidence that OilPatch's failure to put a tracking device on the vehicle or to tell Garcia not to use the vehicle for personal trips was a cause-in-fact of the accident. A tracking device might reveal that Garcia had used the vehicle for personal trips, but there is no evidence it would have prevented him from doing so. Additionally, it was already Garcia's personal policy to use the vehicle only for work-related purposes. Inasmuch as he was already violating his personal policy by driving OilPatch's vehicle on this occasion, there is no reason to suppose that he would not have violated his employer's policy as well, had he known of it. Because there is no evidence that Garcia had ever used the company vehicle for personal reasons before, there is no support for Yanez's assertion that Garcia would not have had the use of the company vehicle that night if the vehicle was equipped with a tracking device or if OilPatch had informed Garcia of its no-personal-use policy.

These arguments suffer from the same flaw: there is no evidence that the accident and Yanez's resulting injuries occurred because of *what* Garcia was driving, that is, a Chevrolet Equinox owned by his employer. Rather, the accident occurred because of *how* Garcia was driving: he struck Yanez's pickup truck because he was intoxicated and ran a red light. Yanez produced no evidence that the accident would not have occurred if Garcia had been driving a vehicle that Garcia personally owned, borrowed, or rented. There also is no support for Yanez's assumption that, but for his access to the company vehicle, Garcia would not have been driving at all that night.

As for foreseeability, Yanez asserts that it is foreseeable that an employee might put a company vehicle to personal use. But, there is no evidence that it was foreseeable that Garcia would drive while intoxicated.

5

**B.      OilPatch's Anti-Drug, Anti-Weapons and Alcohol Program**

OilPatch has an "Anti-Drug, Anti-Weapons and Alcohol Program" intended "to reduce accidents that result from the illegal use of controlled substance[s]," but Garcia testified in his deposition that he was not informed of the policy. Yanez argues that OilPatch negligently supervised Garcia by failing to conduct pre-employment and annual tests for prohibited drugs and alcohol as specified in the company policy and negligently trained Garcia by failing to tell Garcia about the policy.

There is no evidence that the accident would not have happened but for OilPatch's failure to test Garcia for illegal drugs or alcohol or to inform Garcia that the illegal use of controlled substances is against company policy. Garcia already knew that driving while intoxicated is against the law, and that the use of illegal drugs is, by definition, illegal. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 n.3 (Tex. 1990) ("[A]ll persons are presumed to know the law."). There is no evidence that Garcia, though willing to commit illegal acts on this particular occasion, would have abstained from those same acts had he but known that they were against company policy. Moreover, there is no evidence that Garcia would have tested positive for drugs and alcohol at a pre-employment or annual screening.

Finally, Yanez failed in his summary-judgment response to address foreseeability in connection with OilPatch's failure to inform Garcia of its anti-drug policy or to perform pre-hiring and annual testing.

There being no evidence that the accident was proximately caused by OilPatch's negligent supervision or training, we overrule both issues.

## IV. CONCLUSION

To prove negligent supervision or training, the plaintiff's harm must be the result of the employee's employment. *See Rayner*, 659 S.W.3d at 248–49; *Wheeler v. Free*, 638 S.W.3d 731, 738–39 (Tex. App.—Eastland 2021, pet. denied). In this case, there is no evidence of proximate cause connecting Yanez's injuries to OilPatch's conduct. Thus, we affirm the trial court's judgment.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.